# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WAG ACQUISITION, L.L.C.,<br><br>      Plaintiff,<br><br>  v.<br><br>GOOGLE LLC and<br>YOUTUBE, INC.,<br><br>      Defendants. | Civil Action No. 6:21-cv-00816-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION FOR DISMISSAL OF PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ............................................................................................................... 1
II.     ARGUMENT ...................................................................................................................... 2
        A.      Legal Standard for Motion to Dismiss.................................................................... 2
        B.      The Complaint Fails to State a Claim for Direct Infringement .............................. 3
                1.      The Complaint does not contain facts that support an inference that
                        any Google or YouTube service or system practices each of the
                        limitations in the asserted claims ............................................................... 3
                2.      The Complaint fails to sufficiently identify accused products and
                        systems ....................................................................................................... 8
III.    CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anza Tech., Inc. v. D-Link Sys., Inc.*,
No. 3:16-cv-01263-BEN-AGS, 2016 WL 8732647 (S.D. Cal. Nov. 4, 2016) ........................ 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ......................................................................................................... 2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 554 (2007) ..................................................................................................... 2, 3

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ....................................................................................... 3, 7

*Chapterhouse, LLC v. Shopify, Inc.*,
No. 2:18-cv-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 10, 2018) .......................... 8

*Diem LLC v. BigCommerce, Inc.*,
No. 6:17-cv-186 JRG-JDL, 2017 WL 9935521 (E.D. Tex. May 11, 2017) ..................... 2

*FootBalance Sys. Inc. v. Zero Gravity Inside, Inc.*,
No. 15-cv-1058 JLS (DHB), 2016 WL 903681 (S.D. Cal. Feb. 8, 2016) .................... 9, 10

*Lexington Luminance LLC v. Service Lighting & Elec. Supplies, Inc.*,
No. 3:18-cv-01074-K, 2018 WL 10425908 (N.D. Tex. Oct. 9, 2018) ............................. 9

*Macronix Int'l Co. v. Spansion Inc.*,
4 F. Supp. 3d 797 (E.D. Va. 2014) ................................................................................... 8

*Metricolor LLC v. L'Oreal S.A.*,
791 F. App'x 183 (Fed. Cir. 2019) .................................................................................. 2

*North Star Innovations, Inc. v. Micron Tech., Inc.*,
No. 17-cv-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017) ........................ 3, 8

*NovaPlast Corp. v. Inplant, LLC*,
2021 WL 389386 (D.N.J. Feb. 3, 2021) ........................................................................... 8

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*,
No. 6:11-cv-229, 2012 WL 9864381 (E.D. Tex. July 12, 2012) ...................................... 8

*People.ai, Inc. v. SetSail Techs., Inc.*,
No. 20-cv-09148 WHA, 2021 WL 2333880 (N.D. Cal. June 8, 2021) ............................ 8

*Promos Techs., Inc. v. Samsung Elecs. Co.*,
No. 18-cv-307-RGA, 2018 WL 5630585 (D. Del. Oct. 31, 2018) ................................... 3

*SIPCO, LLC v. Streetline, Inc.*,
    230 F. Supp. 3d 351 (D. Del. 2017) ..................................................................................3

*TeleSign Corp. v. Twilio, Inc.*,
    No. 16-cv-2106-PSG, 2016 WL 4703873 (C.D. Cal. Aug. 3, 2016) ..........................................2

*Van De Vliert v. Tam Int'l, Inc.*,
    No. 6:15-cv-135-JRG, 2015 WL 6745811 (E.D. Tex. Oct. 30, 2015) ......................................9

*WAG Acquisition, L.L.C. v. Amazon.com, Inc.*,
    No. 6:21-cv-815-ADA, Dkt. 1 (W.D. Tex. Aug. 6, 2021) ..........................................................6

**Statutes**

35 U.S.C. § 271(a) ...............................................................................................................2

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...........................................................1, 2, 7, 8

## I. INTRODUCTION

Plaintiff WAG Acquisition, L.L.C.'s ("Plaintiff") Complaint should be dismissed because its claims of direct infringement are astonishingly deficient. Not only does the Complaint merely regurgitate the claim limitations of the asserted claims without providing any mapping onto any service or system, but it also fails to accuse any service or system with the requisite specificity.

Plaintiff's claims of direct infringement for the three asserted patents fail because Plaintiff does not plead any facts plausibly showing that Defendants Google LLC and YouTube, LLC's[1] (collectively, "Google") services or systems include most of the claim limitations of the asserted claims. For example, the Complaint provides threadbare recitals of the claim limitations of claim 1 of U.S. Patent No. 9,742,824 ("the '824 patent") without mapping the limitations onto any aspect of the accused "streaming services." (*See* Dkt. 1 ("Complaint") at ¶ 26 (merely parroting limitations of claim 1 of the '824 patent).) Under controlling Supreme Court and Federal Circuit precedent, this form of pleading does not meet Federal Rule of Civil Procedure 12(b)(6)'s factual plausibility standard and is, therefore, fatally flawed.

Moreover, Plaintiff's Complaint vaguely points to "YouTube's Streaming Services" for infringement. (*Id.* at ¶ 2.) This generic categorization of the allegedly infringing technology does not meet the minimum pleading requirements and also fails to provide Google with adequate notice of the basis for Plaintiff's Complaint.

Plaintiff's Complaint should be dismissed.

---

[1] Plaintiff named "YouTube, Inc." in its Complaint. This is not the correct entity. Google LLC's subsidiary is actually YouTube, LLC.

## II. ARGUMENT

### A. Legal Standard for Motion to Dismiss

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, where the pleaded "facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to show that the pleader is entitled to relief and the complaint should be dismissed. *Id.* at 679.

Stating a claim for direct infringement thus requires the plaintiff to plead facts that plausibly support a theory that the defendant "without authority makes, uses, offers to sell, or sells any patented invention, within the [U.S.] or imports into the [U.S.] any patented invention during the term of the patent." 35 U.S.C. § 271(a). The complaint must "provid[e] facts sufficient to create a plausible inference that ***each element*** of the [asserted] claim is infringed by the accused products." *Diem LLC v. BigCommerce, Inc.*, No. 6:17-cv-186 JRG-JDL, 2017 WL 9935521, at *2 (E.D. Tex. May 11, 2017) (emphasis added); *Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 188 (Fed. Cir. 2019) (infringement insufficiently pled; nothing in the complaint showed that a particular claim limitation was contained in the accused products); *see also TeleSign Corp. v. Twilio, Inc.*, No. 16-cv-2106-PSG, 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016) (plaintiff must include allegations sufficient to permit the court "to infer that the accused product infringes each element of at least one claim.") (citation omitted). While "detailed factual allegations" are

2

not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Accordingly, a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).

### B. The Complaint Fails to State a Claim for Direct Infringement

Plaintiff's Complaint here is fatally flawed for two reasons: (1) it contains only conclusory and formulaic recitations of the limitations of the asserted claims and does not identify how any service or system practices those limitations and (2) it does not provide an allegation of specifically identified services and systems.

#### 1. The Complaint does not contain facts that support an inference that any Google or YouTube service or system practices each of the limitations in the asserted claims

Plaintiff has not sufficiently pled direct infringement for the class of accused systems and services because the Complaint merely parrots claim language and does not give facts about the functionality of "streaming services," providing just a general legal conclusion of infringement. *See Promos Techs., Inc. v. Samsung Elecs. Co.*, No. 18-cv-307-RGA, 2018 WL 5630585, at *4 (D. Del. Oct. 31, 2018) ("Where an accused infringing product is not identified by name, the plaintiff must allege how the accused infringing class of products infringe the asserted patents."); *North Star Innovations, Inc. v. Micron Tech., Inc.*, No. 17-cv-506-LPS-CJB, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017) (plaintiff must go beyond "merely copying the language of a claim element, and then baldly stating (without more) that an accused product has such an element" to assert a plausible claim for infringement); *SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351,

353 (D. Del. 2017) ("Right now, Plaintiff makes two factual allegations. One, here are [] patents we own. Two, you sell some products . . . . Plaintiff makes a legal conclusion, to wit, the sales of your products infringe our patents. This is insufficient to plausibly allege patent infringement.").

Taking claim 1 of the '824 patent as an example, the table below compares the claim language of claim 1 with the assertions in Plaintiff's Complaint, with the bold font demonstrating overlap between the language of the claim and Plaintiff's complete allegations for those limitations.

| **Claim 1 of the '824 Patent**[2] | **Allegations of Infringement from the Complaint** |
|---|---|
| 1(p)[3]: A method for **distributing** over the Internet, **from a server system** to one or more user systems, **a pre-recorded audio or video program stored in digitally** encoded form on computer-readable media, the method comprising: | "[T]he YouTube Streaming Services **distribute** (and for a long time prior hereto, and during the term of the '824 patent, have distributed) **pre-recorded video programs that are digitally stored in and read from its server systems**, located in, or controlled from, the United States." (Complaint at ¶ 25.) |
| 1(a): **reading, by at least one computer of the server system, the pre-recorded audio or video** program from the computer-readable media; | "[T]he YouTube Streaming Services distribute (and for a long time prior hereto, and during the term of the '824 patent, have distributed) **pre-recorded video programs that are digitally stored in and read from its server systems**, located in, or controlled from, the United States." (Complaint at ¶ 25.) |
| 1(b): supplying, at the server system, **media data elements representing the program**, **each media data element comprising a digitally encoded portion of the program and having a playback rate**; | "**Media data elements representing a program** as distributed by the YouTube Streaming Services **each comprise a digitally encoded portion of the program,** for example in video/mp4 or audio/webm encoding at **a playback rate corresponding to the encoding**." (Complaint at ¶ 25.) |
| 1(c): **serially identifying the media data elements,** said serial identification **indicating a time sequence of the media data elements**; | "**The media data elements are serially identified**, for example by 'rn' identifiers, **which indicate a time sequence of the media data elements**: |

---

[2] Plaintiff attached the '824 patent to the Complaint. (Dkt. 1-1.)
[3] Google has added the numbers and letters (1(p), 1(a), 1(b) and so on) to identify the discrete limitations of claim 1 of the '824 patent.

4

| | |
|---|---|
| | 
YouTube streaming request/response, showing serial ID
The above shows a request captured in mid-stream for a video segment having the rn identifier 102 specified in the client request. The next following requests/responses are identical, except that the rn numbers are incremented for each request, with audio segments for the stream interleaved with video segments, in a repetitive pattern that continues until the end of the program." (Complaint at ¶ 25.) |
| 1(d): **storing the media data elements in a data structure under the control of the server system**; | "**The media data elements are stored in a data structure under the control of the server system**." (Complaint at ¶ 26.) |
| 1(e): **receiving requests at the server system via one or more data connections over the Internet, for one or more of the media data elements stored in the data structure**, each received request specifying one or more serial identifiers of the requested one or more media data elements, each received request originating from a requesting user system of the one or more user systems; and | "**The server system receives 'GET' requests** (as shown in the figure above) **from user systems via data connections over the Internet, for media data elements** identified by an rn number." (Complaint at ¶ 26.) |
| 1(f): **responsive to the requests, sending, by the server system, the one or more media data elements having the one or more specified serial identifiers, to the requesting user systems corresponding to the requests**; wherein | "**Responsive to those requests, the server system sends to the requesting user system the media data elements having those serial identifiers corresponding to the request**." (Complaint at ¶ 26.) |
| 1(f)(i): **the data connection between the server system and each requesting user system has a data rate more rapid than the playback rate of the one or more media data elements sent via that connection**; | "**The data connection of the server to the user system, used for so responding, has a data rate more rapid than the playback rate of the media data elements that are being sent via that connection**" (Complaint at ¶ 26.) |

5

| | |
|---|---|
| 1(f)(ii): **each sending is at a transmission rate as fast as the data connection between the server system and each requesting user system allow**; | "[A]nd each sending is at a transmission rate that is as fast as that data connection will allow." (Complaint at ¶ 26.) |
| 1(f)(iii): **the one or more media data element sent are selected without depending on the server system maintaining a record of the last media data element sent to the requesting user systems**; | "The media data elements being sent are selected without depending on the server system maintaining a record of the last media data element that had been sent to the requesting user system." (Complaint at ¶ 26.) |
| 1(f)(iv): **all of the media data elements that are sent by the server system to the one or more user systems are sent in response to the request**; and | "All of the media data elements that are so sent by the server system to the one or more user systems are sent in response to the user system requests" (Complaint at ¶ 26) |
| 1(f)(v): **all of the media data elements that are sent by the server system to the requesting user systems are sent from the data structure under the control of the server system as the media data elements were first stored therein**. | "[A]nd all of the media data elements that are sent by the server system to the requesting user systems are sent from the data structure under the control of the server system as the media data elements were first stored therein." (Complaint at ¶ 26.) |

As the table demonstrates, for the majority of claim 1's limitations, Plaintiff merely concludes—without ***any*** supporting evidence or citations to features and functionalities of the "YouTube Streaming Services"—that this vague category of services infringe. The same is true for claim 1 of U.S. Patent No. 9,729,594 ("the '594 patent"), (*see* Complaint at ¶¶ 35-36), and claim 1 of U.S. Patent No. 9,762,636 ("the '636 patent"). (*See id.* at ¶¶ 44-45.) Likewise, for the dependent claims of the three asserted patents, Plaintiff does not identify any dependent claim by number and alleges, through unsubstantiated blanket-statements, that, for example, "the instructions cause the media player to maintain in its memory a record identifying the last media data element received and stored by the media player." (*See id.* at ¶ 37 (allegations of infringement of dependent claims of the '594 patent).) Additionally, in a related case pending in this Court, Plaintiff launches nearly identical allegations against Amazon, merely reiterating the claim language and further highlighting the dearth of factual support tied to the accused services in Plaintiff's Complaint. *See, e.g.*, *WAG Acquisition, L.L.C. v. Amazon.com, Inc.*, No. 6:21-cv-815-

ADA, Dkt. 1 at ¶¶ 27-29 (W.D. Tex. Aug. 6, 2021) (reciting verbatim the same allegations for limitations 1(f), 1(f)(i)-1(f)(v) and unidentified dependent claims of the '824 patent for Amazon and Google):

> 27. The media data elements are stored in a data structure under the control of the server system. The server system receives "GET" requests (as shown in the figure above) from user systems via data connections over the Internet, for media data elements identified by numeric identifiers. Responsive
>
>
> to those requests, the server system sends to the requesting user system the media data elements having those serial identifiers corresponding to the request. In observed streaming sessions, the data connection of the server to the user system, used for so responding, has consistently had a data rate more rapid than the playback rate of the media data elements that are being sent via that connection, and each sending is at a transmission rate as fast as that data connection will allow. The media data elements being sent are selected without depending on the server system maintaining a record of the last media data element that had been sent to the requesting user system. Such observations also reflect that all of the media data elements that are so sent by the server system to the one or more user systems are sent in response to the user system requests, and all of the media data elements that are sent by the server system to the requesting user systems are sent from the data structure under the control of the server system as the media data elements were first stored therein.
>
> 28. Furthermore, with regard to the dependent claims, as reflected in the above example, the aforementioned identifiers, in addition to being serial, may also be sequential, and the sending is via a reliable transmission protocol, which is TCP.

This form of pleading—parroting claim language, launching legal conclusions, and failing to provide any evidence or support for its allegations—violates Rule 12(b)(6) as well as Federal Circuit and Supreme Court precedent. *See Bot M8*, 4 F.4th at 1355 ("we agree with the district

court that Bot M8's allegations are conclusory, merely track the claim language, and do not plausibly allege" infringement"); *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-cv-00300-JRG, 2018 WL 6981828, at *2, *4 (E.D. Tex. Dec. 10, 2018) (dismissing motion under 12(b)(6) where plaintiff's "generic and conclusory statement regarding Defendant's use of the broader Shopify POS system" and screenshots did not "lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met."); *People.ai, Inc. v. SetSail Techs., Inc.*, No. 20-cv-09148 WHA, 2021 WL 2333880, at *2-*3 (N.D. Cal. June 8, 2021) (finding that the patentee failed to "address *why* it is plausible that [defendant's] software uses the specific elements of the patent as claimed, nor does it address why it cannot put forth additional, relevant factual allegations"); *North Star Innovations*, 2017 WL 5501489, at *2; *Macronix Int'l Co. v. Spansion Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. 2014) (dismissing complaint that parroted the claim language for each element). As in *NovaPlast Corp. v. Inplant, LLC*:

> Here, the Complaint purports to describe the Accused Products by parroting—and in some instances directly copying—the claim language of the [Asserted] Patent. . . . But there are no allegations that *relate* the quoted claims language to the Accused Products in a factual manner. The allegations in this Complaint are tantamount to a declaration that 'the [Asserted] Patent claims thus-and-so, and the Accused Products directly infringe it.' ***That falls short of a factual 'showing' of entitlement to relief***.

No. 20-cv-7396 (KM) (JBC), 2021 WL 389386, at *7-*8 (D.N.J. Feb. 3, 2021) (emphasis added). Thus, Google respectfully requests that the Court grant its Motion and dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6).

### 2. The Complaint fails to sufficiently identify accused products and systems

Where, as here, "[c]ases involv[e] 'more nebulous, less tangible inventions such as computer software methods[,]' [the Complaint] may require a higher degree of specificity to provide proper notice to the defendant." *Patent Harbor, LLC v. DreamWorks Animation SKG,*

*Inc.*, No. 6:11-cv-229, 2012 WL 9864381, at *4 (E.D. Tex. July 12, 2012) (citation omitted). Additionally, because the Complaint vaguely points to "YouTube Streaming Services," it fails to plead infringement with the requisite specificity. *See, e.g., FootBalance Sys. Inc. v. Zero Gravity Inside, Inc.*, No. 15-cv-1058 JLS (DHB), 2016 WL 903681, at *4 (S.D. Cal. Feb. 8, 2016) (dismissing direct infringement claims where plaintiff only identified defendant's "custom insoles" as the accused product).

Plaintiff's Complaint here fails to satisfy the pleading requirements for direct infringement because, rather than identify specific services or systems, Plaintiff accuses the unspecific category of "YouTube's Streaming Services," which is ambiguously defined as "including without limitation video-on-demand and live streaming programming, which Defendants provide via the Internet in the United States and worldwide, for pre-recorded and live programming, delivered to desktop, tablet, smartphone, smart TV, streaming stick, and other streaming device and media player platforms, by way of their streaming services." (Complaint at ¶ 2.) Without any specific identification of Google and YouTube services or systems, Google is unable to determine what Plaintiff is accusing. *See Van De Vliert v. Tam Int'l, Inc.*, No. 6:15-cv-135-JRG, 2015 WL 6745811, at *2 (E.D. Tex. Oct. 30, 2015); *Lexington Luminance LLC v. Service Lighting & Elec. Supplies, Inc.*, No. 3:18-cv-01074-K, 2018 WL 10425908, at *2 (N.D. Tex. Oct. 9, 2018) (where complaint described accused devices as "other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '851 Patent in substantially the same way to achieve the same result," finding the "statement [] unclear and ambiguous" and "fail[ing] to reasonably inform Defendants, as to what devices, if any, are accused by this statement").

Thus, Plaintiff's Complaint should be dismissed for its failure to provide "some level of specificity regarding the accused product, *i.e.,* beyond the generic description" of "streaming services." *FootBalance*, 2016 WL 903681 at *4; *see also Anza Tech., Inc. v. D-Link Sys., Inc.*, No. 3:16-cv-01263-BEN-AGS, 2016 WL 8732647, at *5 (S.D. Cal. Nov. 4, 2016) (description of the accused products in the complaint was insufficient because Plaintiff identified the accused products by "the general, nonspecific category of 'electronics hardware products'").

## III. CONCLUSION

For the above-mentioned reasons, the Court should grant Google's Motion and dismiss Plaintiff's Complaint.

Dated: November 1, 2021

Respectfully submitted,

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
pamstutz@scottdoug.com

Joseph Drayton (*pro hac vice* to be filed)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
jdrayton@cooley.com

Eamonn Gardner (*pro hac vice* to be filed)
COOLEY LLP
1144 15th Street, Suite 2300
Denver, CO 80202
Telephone: (720) 566-4000
Facsimile: (720) 566-4099
egardner@cooley.com

Naina Soni (*pro hac vice* to be filed)
Sravan K. Tumuluri (*pro hac vice* to be filed)
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, D.C. 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
nsoni@cooley.com
stumuluri@cooley.com

Steve Wu (*pro hac vice* to be filed)
Cameron C. Vanderwall (*pro hac vice* to be filed)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
swu@cooley.com
cvanderwall@cooley.com

*Counsel for Defendants*
*Google LLC and YouTube, LLC*

# CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on November 1, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz