**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WAG ACQUISITION, L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC and<br>YOUTUBE, INC.,<br><br>Defendants. | Civil Action No. 6:21-cv-00816-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR DISMISSAL OF
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) FOR
<u>FAILURE TO STATE A CLAIM</u>**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................ 1
II. ARGUMENT .................................................................................................................... 2
    A. The Complaint Does Not Contain Sufficient Factual Matter ................................ 2
    B. The Complaint Fails to Specifically Identify the Accused Services or Products .................................................................................................................. 8
III. CONCLUSION ................................................................................................................. 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)..................................................................................................................2

*Bell v. Twombly*,
　550 U.S. 544 (2007)..................................................................................................................2

*Chapterhouse, LLC v. Shopify, Inc.*,
　No. 2:18-cv-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018)..........................4, 6, 7

*Disc Disease Sols. Inc. v. VGH Sols., Inc*
　888 F.3d 1256 (Fed. Cir. 2018)..................................................................................................7

*Incom Corp. v. Walt Disney Company*,
　No. 15-CV-3011 PSG (MRWx), 2016 WL 4942032, (C.D. Cal. Feb. 4, 2016) ...................7, 8

*Inhale, Inc. v. Gravitron, LLC*,
　No. 1-18-cv-762-LY, 2018 WL 7324886, at *2 (W.D. Tex. Dec. 10, 2018) ............................7

*K-Tech Telecommc'ns, Inc. v. Time Warner Cable, Inc.*,
　714 F.3d 1277 (Fed. Cir. 2013)..................................................................................................8

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
　869 F.3d 1372 (Fed. Cir. 2017)..................................................................................................8

*McZeal v. Sprint Nextel Corp.*,
　501 F.3d 1354 (Fed. Cir. 2007)..................................................................................................3

*North Star Innovations, Inc. v. Micron Tech., Inc.*,
　No. 17-cv-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017). (*See also* Opp. (quoting from analogous case law).) ........................................................................7

*Promos Techs., Inc. v. Samsung Elecs. Co.*,
　No. 18-cv-307-RGA, 2018 WL 5630585 (D. Del. Oct. 31, 2018) .......................................3, 6

*Swirlate IP LLC v. Keep Truckin, Inc.*,
　No. 20-cv-1283-CFC, 2021 WL 3187571 (D. Del. July 28, 2021) ..........................................6

*Ziemba v. Incipio Techs., Inc.*,
　No. 13-cv-5590 (JLL), 2014 WL 4637006 (D.N.J. Sept. 16, 2014).........................................6

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...................................................................................2, 8

## I.      INTRODUCTION

Plaintiff's Opposition (Dkt. 30 ("Opposition" or "Opp.")) is ironically based on the premise that Google was not particular in its Motion to Dismiss (Dkt. 17 ("Motion" or "Mot.")). Unlike Plaintiff's generic Complaint—which is deficient for its failure to provide sufficient factual matter to state a plausible claim of relief and to specifically identify accused products or services—Google's Motion specifically identifies numerous claim limitations for which Plaintiff merely parrots claim language and does not provide any supporting factual evidence. Plaintiff's lack of factual support is only exacerbated by Plaintiff's failure to identify what it is actually accusing. In the Complaint, Plaintiff vaguely accuses "YouTube Streaming Services"; in its Opposition, it points to video streaming from www.youtube.com; and in its infringement contentions, it purports to accuse not only video streaming from www.youtube.com, but it also adds tv.youtube.com and audio streaming from music.youtube.com. Plaintiff's inconsistent identification of the accused products, during motion practice and within its contentions, only underscores that Plaintiff's Complaint does not provide "a clear factual" basis for Google to be on notice of the basis for Plaintiff's allegations.[1] Such a deficiency in the Complaint cannot be cured by service of Plaintiff's infringement contentions. Allowing Plaintiff the ability to delay providing the information that was supposed to be in the Complaint until infringement contentions (served months later) inherently prejudices Google's opportunity to prepare and to respond to the accusations that Plaintiff is making.

---

[1] In its Opposition, Plaintiff defaults to petitioning this Court to allow it to amend its Complaint. Prior to the filing of Plaintiff's Opposition, during a meet-and-confer, Google asked Plaintiff about whether or not it would amend the Complaint in light of Google's Motion and Plaintiff's upcoming infringement contentions in lieu of filing an Opposition. At the time, Plaintiff stated that it would not do so.

## II.     ARGUMENT

### A.     The Complaint Does Not Contain Sufficient Factual Matter

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell v. Twombly*, 550 U.S. 544, 570 (2007)). Even a cursory review of the Complaint reveals that the **only** factual evidence pertaining to any accused "YouTube Streaming Services" in the Complaint is the screenshot Plaintiff reproduces in its Opposition. (*See* Opp. at 7; Complaint at ¶ 25.) Plaintiff provides this screenshot in support of its allegations that the "YouTube Streaming Services" purportedly "serially identif[y]" media data elements, "for example by 'rn' identifiers, which indicate a time sequence of the media data elements." (Complaint at ¶ 25 ("The above shows a request captured in mid-stream for a video segment having the rn identifier 102 specified in the client request."); *see also id.* (caption for the screenshot: "YouTube streaming request/response, showing serial ID").) Plaintiff refers back to this screenshot in the context of one other limitation—stating that the "server system receives 'GET' requests (as shown in the figure above) from user systems. (*Id.* at ¶ 26.) In short, the Complaint relies on the screenshot for two of the dozen-plus limitations in the independent claims in each patent.

For numerous other limitations, Plaintiff does not provide any factual support for its generic allegations that the accused "YouTube Streaming Services" infringe.[2] (*See* Complaint at

---

[2] In the Complaint, for Count III pertaining to the '636 patent, Plaintiff refers to "observed streaming sessions," but provides no context for those sessions or documentation from those sessions to support its allegations. (*See id.* at ¶ 44 ("In observed streaming sessions, the data connection of the server to the user system, used for so responding, has consistently had a data rate more rapid than the playback rate of the media data elements that are being sent via that connection[.]").) Additionally, other than the words "[i]n observed streaming sessions," the remainder of Plaintiff's sentence parrots claim language from claim 1 of the '636 patent: "the data

¶¶ 26, 44; *see also* Mot. at 4-6 (quoting Plaintiff's allegations of infringement of claim 1 of the '824 patent verbatim from the Complaint).) Rather, for such limitations, Plaintiff merely parrots claim language from the asserted patents, which is "[in]sufficient to allege facts articulating 'why it is plausible that [YouTube Streaming Services] infringe' the asserted claims." *See Promos Techs., Inc. v. Samsung Elecs. Co.*, No. 18-cv-307-RGA, 2018 WL 5630585, at *4 (D. Del. Oct. 31, 2018) (citation omitted). Plaintiff's "slight alterations to the claim language by using other well-known nomenclature to describe Defendants' products do nothing to articulate *why* the accused class of [YouTube Streaming Services] infringe the asserted patents." *Id.* Therefore, "Plaintiff's Complaint fails to move beyond the legal conclusions that [YouTube Streaming Services] infringe the [asserted patents] because they [practice] all elements in the claim." *Id.*

Plaintiff attempts to dismiss this issue in five ways. Plaintiff's arguments are factually and legally baseless.

**First**, Plaintiff argues that it did in fact provide "ample 'factual content'" and "a wealth of information," and that the screenshot it provided "is just one of many that [it] provides in support of its allegations" in the Complaint. (*See* Opp. at 5, 7, 8.) Yet, Plaintiff does not provide any other examples of factual content in its Opposition. This is because there are none.

**Second**, Plaintiff suggests that Google could piece together evidence of infringement from the lone screenshot for other elements in Plaintiff's asserted claims. As an initial matter, this argument is legally deficient. The purpose of the Complaint is for Plaintiff to put Google "on notice as to what [it] must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007). It is not Google's job to attempt to piece together Plaintiff's allegations from a sole

---

connection between the server system and each requesting user system has a data rate more rapid than the playback rate of the one or more media data elements sent via that connection." ('636 patent, cl. 1.)

3

screenshot provided in the context of a few limitations. *See Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-cv-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) ("The Court disagrees with Plaintiff that the screenshots themselves constitute the requisite factual allegations. While screenshots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege **how** the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met.") (emphasis added). Moreover, even if Google could divine Plaintiff's arguments from the sole screenshot provided, Plaintiff cannot argue that the screenshot provides sufficient factual support for numerous limitations, including:

- "the data connection between the server system and each requesting user system has a data rate more rapid than the playback rate of the one or more media data elements sent via that connection" (claims 1 of the '824 and '636 patents);
- "each sending is at a transmission rate as fast as the data connection between the server system and each requesting user system allows" (claims 1 of the '824 and '636 patents);
- "all of the media data elements that are sent by the server system to the [one or more/plurality of]user systems are sent in response to the requests" (claims 1 of the '824 and '636 patents); and
- "all of the media data elements that are sent by the server system to the requesting user systems are sent from the data structure under the control of the server system as the media data elements were first stored therein" (claims 1 of the '824 and '636 patents).

In addition to these limitations from claims 1 of the '824 and '636 patents, Plaintiff fails to provide factual support for at least limitations 1(b) ("each media data element comprising a digitally encoded portion of the audio or video program and having a playback rate"), 1(d) ("wherein the data connection has a data rate more rapid than the playback rate of the media data elements"),[3] 1(e) ("each received media data element is received at a rate as fast as the data connection between the media source and media player allows"), and 1(h) ("as the received media data elements are played, the media player automatically sending additional requests for subsequent media data elements for storage in the memory of the media player as required to maintain about a predetermined number of media data elements in the memory of the media player during playing") of the '594 patent. (*See* Complaint at ¶ 36.)

For each asserted patent and Count in the Complaint, there are claim limitations for which Plaintiff provides no factual support.

**Third**, Plaintiff alleges that Google failed to specifically identify any limitations for which Plaintiff failed to provide sufficient factual matter. (Opp. at 8-9.) This argument is both incorrect and misleading. Google's Motion does identify numerous limitations for which Plaintiff failed to provide any factual matter in the Complaint. (Mot. at 4-6.) Plaintiff attempts to excuse its own failure to provide any factual matter for numerous limitations by arguing that Google should have narrowed its opening Motion to only a few of those limitations. This is nonsensical. Plaintiff's failure to provide factual support for a large number of limitations does not excuse its behavior; it further highlights the problems with the Complaint.

---

[3] For this limitation, in its Opposition, Plaintiff claims that this repetition of claim language is supposed to "be understood as alleging that nothing was observed to be throttling the line speed." (Opp. at 9-10.) But it is unclear how such a threadbare recital of the claim language conveys this understanding to Google or the Court.

**Fourth**, Plaintiff attempts to save its nonspecific Complaint by alleging in a footnote of the Opposition, for the very first time, that this is a standards-based case. (*See* Opp. at 11, n.4 ("The Court might also ask whether the similarities in the respective patterns of alleged infringement by Google and Amazon have anything to do with compliance with a common industry standard. It should be no surprise if that is the case – a subject that is indeed addressed in [Plaintiff's] infringement contentions.").) This information—about whether the "YouTube Streaming Services" are based on a standard—was just as available to Plaintiff prior to its filing of the Complaint as it was to Plaintiff prior to its Opposition. Yet, Plaintiff provides no justification for failing to mention **any** standard in its Complaint. The pleading standard for a Complaint is meant to provide a defendant with "adequate notice" of the "specific grounds" upon which the claims being asserted against it rest. *See Ziemba v. Incipio Techs., Inc.*, No. 13-cv-5590 (JLL), 2014 WL 4637006, at *4 (D.N.J. Sept. 16, 2014). Plaintiff's reference to an unnamed standard is thus insufficient to cure the deficiencies in the Complaint. *See Swirlate IP LLC v. Keep Truckin, Inc.*, No. 20-cv-1283-CFC, 2021 WL 3187571, at *2 (D. Del. July 28, 2021) (finding a complaint deficient where "[f]or each of the asserted patents, [plaintiff's] direct infringement allegations consist of: identifying the accused product, pointing to websites that provide general information about the accused product and related industry standards, and asserting **without explanation** that the steps performed by the accused product satisfy each and every claim limitation of the asserted claims.") (emphasis added). As in *Swirlate*, the Complaint here fails to "cite or identify with specificity the information on each website [or sole screenshot] that explains and connects the steps that are performed using the accused product to the elements of each claim." *Id.*

**Finally**, Plaintiff attempts to distinguish *Promos Techs.*, *Chapterhouse*, and other similar case law cited in Google's Motion by citing to its sole screenshot, but its arguments fail to

acknowledge the generic nature of its infringement allegations. That Plaintiff included a lone screenshot is of no import because, for the limitations identified above, Plaintiff does not "further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations." *Chapterhouse*, 2018 WL 6981828, at *2. Indeed, Plaintiff—for the majority of claim elements, such as those identified by Google in its Motion and above—"does little more than parrot back the language of the[] claim elements and then states that the accused product is comprised of such elements." *North Star Innovations, Inc. v. Micron Tech., Inc.*, No. 17-cv-506-LPS-CJB, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017). (*See also* Opp. at 11 (quoting from analogous case law).)

Instead, it is Plaintiff's cited case law that is distinguishable. In *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, the Federal Circuit found that the complaint, which "specifically identified the three accused products—by name and by attaching photos of the product packaging as exhibits," was sufficient in that case given the simplicity of the technology. 888 F.3d 1256, 1260 (Fed. Cir. 2018). In contrast, here, as explained in Google's Motion and below, Plaintiff has not "specifically identified" the products or services it is accusing. (Mot. at 8-10.) Moreover, Plaintiff makes no argument that the technology here is so simple that its infringement arguments would readily be understood. The same is true for *Inhale, Inc. v. Gravitron, LLC*, where the court once again relied on a finding that "this case involves simple technology" and noted that the plaintiff specifically identified the "accused product by name and by attached photos." No. 1-18-cv-762-LY, 2018 WL 7324886, at *2 (W.D. Tex. Dec. 10, 2018).

Likewise, *Incom Corp. v. Walt Disney Company* offers Plaintiff no support because, in that case, the plaintiff "stated a plausible claim for direct infringement by specifically identifying Defendants' products and alleging that they perform the same unique function as Plaintiff's

patented system." No. 15-CV-3011 PSG (MRWx), 2016 WL 4942032, at *3 (C.D. Cal. Feb. 4, 2016). But, as described below, the Complaint in this case does not "specifically identify[] Defendants' products," nor has Plaintiff identified any "unique function" that can only be accomplished using the purported invention.

At bottom, the Complaint against Google fails to plead sufficient factual matter to meet the *Iqbal/Twombly* standard and therefore fails to "place the alleged infringer 'on notice of what activity . . . is being accused of infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quoting *K-Tech Telecommc'ns, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013)). Thus, Google respectfully requests that the Court grant its Motion and dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6).

### B.     The Complaint Fails to Specifically Identify the Accused Services or Products

The Complaint never identifies a single service or product by name. (*See generally* Complaint.) In the Opposition, Plaintiff doubles-down on its ambiguous identification of "YouTube Streaming Services," defining it as "video-on-demand and live streaming programming, which Defendants provide via the Internet in the United States and worldwide, for pre-recorded and live programming, delivered to desktop, tablet, smartphone, smart TV, streaming stick, and other streaming device and media player platforms, by way of their streaming services." (*Id.* at ¶ 2; Opp. at 13, 14.) Plaintiff argues that this "description provides more than enough detail for Google to ascertain what services and/or systems are being accused of infringement,"[4] but then identifies for the first time "www.youtube.com" as an accused product. (Complaint at ¶ 2; Opp. at 13, 14.)

---

[4] There is no single YouTube-branded product or service and vaguely referring to the "Streaming Services" provided by YouTube, without any reference to specific services, cannot put Google on notice. Plaintiff's Complaint failed to "describe[] those YouTube Streaming Services it believes infringe the patents-in-suit" with any specificity and thus is analogous to the cases Plaintiff and Google discuss in their briefing. (*See* Opp. at 15-16; Mot. at 8-10.)

Plaintiff then states that, "[w]hile Google argues that there is some ambiguity as to what is meant by YouTube Streaming Services, it does not identify any other product or service WAG has accused of infringement—because no such product or service exists to date." (Opp. at 12-14.) Yet, in its infringement contentions, Plaintiff accuses more than "www.youtube.com." There, Plaintiff also "include[s] audio distribution from the YouTube TV subscription service (available for distribution through tv.youtube.com), and music.youtube.com (formerly Google Play Music)." (Declaration of Naina Soni at Exhibit 1 ('594 infringement contentions) at 2.) Indeed, while the Complaint focuses on transmission of video content, the infringement contentions lump in a service pertaining to the streaming of audio content, music.youtube.com. (*Compare id. with* Complaint at ¶ 2 and Opp. at 12-14.) Juxtaposing (i) the generic definition "YouTube Streaming Services" that Plaintiff provided in the Complaint and in its Opposition, with (ii) the inconsistent identification of accused products in Plaintiff's infringement contentions, only confirms Plaintiff's failure to identify the accused services and products in the Complaint with sufficient specificity.

### III. CONCLUSION

For the above-mentioned reasons, the Court should grant Google's Motion and dismiss Plaintiff's Complaint.

Dated:  November 22, 2021                         Respectfully submitted,

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
pamstutz@scottdoug.com

Joseph Drayton (*pro hac vice* to be filed)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
jdrayton@cooley.com

Eamonn Gardner (*pro hac vice*)
COOLEY LLP
1144 15th Street, Suite 2300
Denver, CO 80202
Telephone: (720) 566-4000
Facsimile: (720) 566-4099
egardner@cooley.com

Naina Soni (*pro hac vice*)
Sravan K. Tumuluri (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, D.C. 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
nsoni@cooley.com
stumuluri@cooley.com

Steve Wu (*pro hac vice*)
Cameron C. Vanderwall (*pro hac vice*)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
swu@cooley.com
cvanderwall@cooley.com

*Counsel for Defendants*
*Google LLC and YouTube, LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on November 22, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

/s/ Paige Arnette Amstutz
Paige Arnette Amstutz