**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

WAG ACQUISITION, L.L.C.,

Plaintiff,

v.

GOOGLE LLC and
YOUTUBE, INC.,

Defendants.

Civil Action No. 6:21-cv-00816-ADA

**JURY TRIAL DEMANDED**

**DEFENDANTS GOOGLE LLC AND YOUTUBE, LLC'S MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)**

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

A. Plaintiff's Allegations ..... 2

B. The Relevant Witnesses and Evidence are in the Northern District of California or Otherwise Outside of Texas ..... 3

III. LEGAL STANDARD ..... 4

IV. THE PRIVATE AND PUBLIC FACTORS WEIGH IN FAVOR OF TRANSFER ..... 4

A. The Private Interest Factors Favor Transfer ..... 4

1. The Most Important Factor—Convenience of Witnesses—Strongly Favors Transfer to the Northern District of California ..... 5

2. Availability of Compulsory Process Favors Transfer ..... 7

3. Relative Ease of Access to the Evidence Favors Transfer ..... 9

4. Other Practical Problems for an Easy, Expeditious, and Inexpensive Case Weigh in Favor of Transfer ..... 10

B. The Public Interest Factors Favor Transfer ..... 11

1. Local Interest Favors Transfer to the Northern District of California ..... 11

2. Relative Court Congestion Between the Northern District of California and the Western District of Texas is Neutral ..... 13

3. The Two Remaining Public Interest Factors are Neutral ..... 13

V. CONCLUSION ..... 14

# TABLE OF AUTHORITIES

Page

## Cases

*In re Apple*,
581 F. App'x 886 (Fed. Cir. 2014) ........ 7

*In re Apple, Inc.*,
979 F.3d 1332 (Fed. Cir. 2020) ........ 11

*In re DISH Network L.L.C.*,
No. 2021-182, 2021 WL 4911981 (Fed. Cir. Oct. 21, 2021) ........ 7, 11

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009) ........ 5, 9, 13

*In re Google Inc.*,
No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) ........ 11

*In re Google LLC*,
No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ........ passim

*In re Google LLC*,
No. 2021-171, 2021 WL 4592280 (Fed. Cir. Oct. 6, 2021) ........ passim

*In re Google LLC*,
No. 2021-178, slip op. (Fed. Cir. Nov. 15, 2021) ........ 2, 9, 13

*In re Hoffmann-La Roche Inc.*,
587 F.3d 1333 (Fed. Cir. 2009) ........ 12

*In re HP Inc.*,
No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) ........ 7

*In re Hulu, LLC*,
No. 2021-142, 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) ........ 13

*In re Juniper Networks, Inc.*,
14 F.4th 1313 (Fed. Cir. 2021) ........ 12, 13

*In re NetScout Sys., Inc.*,
No. 2021-173, 2021 WL 4771756 (Fed. Cir. Oct. 13, 2021) ........ 6

**TABLE OF AUTHORITIES**
(continued)

**Page**

*In re Pandora Media, LLC*,
No. 2021-172, 2021 WL 4772805 (Fed. Cir. Oct. 13, 2021)........................................ 7, 9

*In re Samsung Elecs. Co.*,
2 F.4th 1371 (Fed. Cir. 2021) .................................................................................... 11

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) ................................................................................. 4, 10

*In re WMS Gaming Inc.*,
564 F. App'x 579 (Fed. Cir. 2014) ............................................................................ 13

*J. McIntyre Mach., Ltd. v. Nicastro*,
564 U.S. 873 (2011)...................................................................................................... 4

*Lynk Labs, Inc. v. Home Depot USA, Inc.*,
6:21-cv-00097-ADA, Dkt. 55 (W.D. Tex. Dec. 8, 2021) ............................................. 7

*Parus Holdings Inc. v. LG Elecs. Inc.*,
No. 6:19-cv-00432-ADA, 2020 WL 4905809 (W.D. Tex. Aug. 6, 2020) ................. 5, 9

*Polaris Innovations Ltd. v. Dell, Inc.*,
No. 16-cv-451-XR, 2016 WL 7077069 (W.D. Tex. Dec. 5, 2016) ............................ 11

*Super Interconnect Techs. v. Google LLC*,
No. 6:21-CV-00259-ADA, 2021 WL 6015465 (W.D. Tex. Nov. 5, 2021)................ 5, 7, 12, 13

*WAG Acquisition, L.L.C. v Netflix, Inc.*,
No. 6:21-cv-01083-ADA, Dkt. 48 (W.D. Tex. Feb. 2, 2022)..................................... 10

*WAG Acquisition, L.L.C. v. FriendFinder Networks Inc., et al*.,
No. 3:19-CV-05036-JD, Dkt. 173 (N.D. Cal. August 16, 2019)................................ 10

*XY, LLC v. Trans Ova Genetics, LC*,
No. 16-CA-00447-RP, 2017 WL 5505340 (W.D. Tex. Apr. 5, 2017) ....................... 12

**Statutes**

28 U.S.C. § 1404(a) ....................................................................................................... 4

**Rules**

Fed. R. Civ. P. 45(c)(1)(A) ............................................................................................ 7

# I. INTRODUCTION

Google LLC and YouTube, LLC[1] (collectively, "Google") respectfully request transfer of this action to the Northern District of California under 28 U.S.C. § 1404(a) because the Northern District of California is clearly the more convenient forum for this lawsuit.

This case belongs in the Northern District of California, where key relevant witnesses are located and evidence is created and maintained. Many of Google's likely witnesses with knowledge about the design and development of the accused YouTube streaming functions pertaining to the streaming of pre-recorded and live video, audio, and TV programming on www.youtube.com, music.youtube.com, and tv.youtube.com, as well as the financial aspects thereof, work in Google's San Bruno, Mountain View, and San Francisco, California offices. Moreover, a substantial portion of the sources of proof are also created and maintained in the Northern District of California, including at Google's headquarters or Google's other Northern California offices. In addition, a number of potentially relevant third parties, such as prior artists, are located in California.

In contrast, this case has no meaningful connection to the Western District of Texas. While Google has an office in Austin, none of the relevant witnesses are located there. Likewise, Plaintiff—a New Jersey limited liability corporation with its principal place of business also in New Jersey—has no apparent presence in Texas nor connection to the Western District. (Dkt. 1 ("Complaint"), ¶ 4.).

The Federal Circuit has explained that transfer should be granted in these circumstances: when "no witnesses reside [in the Western District of Texas]; no evidence is present there; [] none

[1] Plaintiff WAG Acquisition, L.L.C. ("Plaintiff") named "YouTube, Inc." in its Complaint. As Google has repeatedly explained, this is not the correct entity. (*See* Dkt. 17 at 1, n.1; Dkt. 18, n.1.) Google's subsidiary is YouTube, LLC (*Id.*) Plaintiff, however, has yet to enter a motion to correct the case caption.

of the conduct giving rise to this action took place there," and the "only connection . . . between this case and the Western District of Texas is that Google has a general presence in the district." *In re Google LLC*, No. 2021-171, 2021 WL 4592280, at *7 (Fed. Cir. Oct. 6, 2021) ("*Google-Jenam*"); *see also In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *7 (Fed. Cir. Sept. 27, 2021) ("*Google-Sonos*"); *In re Google LLC*, No. 2021-178, slip op. at 4-5, ("*Google-Express*") (Fed. Cir. Nov. 15, 2021).

## II. BACKGROUND

### A. Plaintiff's Allegations

Plaintiff's Complaint alleges that Google infringes three patents ("Asserted Patents"), which purportedly relate to "delivering streaming media over the Internet." (Complaint, ¶ 1.) The asserted patents are related, share an identical specification, and were each issued to a single named inventor, Harold Edward Price. (Complaint, Exs. A-C.) The Complaint accuses unspecific categories of "YouTube Streaming Services," (*id.*, ¶ 2), which Plaintiff's infringement contentions purport to identify as services "relate[d] to" streaming pre-recorded and live video and audio from www.youtube.com, music.youtube.com, and tv.youtube.com. (Declaration of Naina Soni ("Soni Decl."), Exs. A at 3, B at 1, C at 1.) Plaintiff alleges that the acts of "configuring and managing YouTube servers and software for media player devices, and testing and/or using media player devices," including the operation of "'edge' distribution servers" to "stream YouTube videos," infringe the Asserted Patents. (Complaint, ¶¶ 9-11.) Google refers to the accused services—YouTube client and server streaming infrastructure and functions relating to streaming of pre-recorded and live video, audio, and TV programming over the Internet such as streaming and playing content from www.youtube.com, music.youtube.com, and tv.youtube.com—to the extent

discernable, as the "Accused YouTube Services" herein.[2]

### B. The Relevant Witnesses and Evidence are in the Northern District of California or Otherwise Outside of Texas

Google LLC is headquartered in the Northern District of California (Mountain View, California), and the majority of its U.S. workforce is in that District. (Declaration of Henry Green ("Green Decl."), ¶ 3.) The Google engineers who primarily work on YouTube work predominantly from Google's San Bruno, California office. (*Id.*, ¶ 5.) The employees with relevant technical and financial knowledge about the Accused YouTube Services are primarily located in Northern California, including in Google's San Bruno, Mountain View, and San Francisco, California offices. (*Id.*, ¶¶ 5-7, 10.) Additional knowledgeable employees in Cambridge, Massachusetts also work on the Accused YouTube Services. (*Id.*, ¶ 8.) Although Google has offices in Austin, Google is not aware of any employees with relevant technical and financial knowledge about the Accused YouTube Services who work in that office. (*Id.*, ¶ 9.) As with witnesses, the vast majority of relevant technical and financial documents for the Accused YouTube Services are created and maintained by Google employees in the Northern District of California or Cambridge. (*Id.*, ¶¶ 5-8, 10-11.) Google is not aware of any relevant documents located in the Western District of Texas. (*Id.*, ¶¶ 9, 11.)

Plaintiff is a patent assertion entity incorporated in New Jersey, with its principal place of business in Succasunna, New Jersey and has no connection to the Western District of Texas. (Complaint, ¶ 4.) According to the face of the asserted patents, the sole inventor, Harold Price, resides in Bethel Park, Pennsylvania. (*Id.*, Exs. A-C.) The law firm that prosecuted the asserted

[2] To the extent Plaintiff's infringement contentions intend to accuse anything other than video streaming from www.youtube.com, music streaming from music.youtube.com, and video streaming from tv.youtube.com, any such allegations are not disclosed. In addition, while Google disputes the sufficiency of Plaintiff's infringement allegations even for those three services, Google will address those deficiencies separately.

patents, Ernest D. Buff & Associates, LLC, is located in Bedminster, New Jersey. (Soni Decl., Exs. D, E at 1.)

## III. LEGAL STANDARD

To evaluate transfer under 28 U.S.C. § 1404(a), courts first consider "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc*., 545 F.3d 304, 312 (5th Cir. 2008). If so, courts weigh eight private and public factors:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive[;] … [5] the administrative difficulties flowing from court congestion; [6] the local interest in having localized interests decided at home; [7] the familiarity of the forum with the law that will govern the case; and [8] the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id.* at 315 (internal citations and quotation marks omitted).

## IV. THE PRIVATE AND PUBLIC FACTORS WEIGH IN FAVOR OF TRANSFER

As an initial matter, Plaintiff could have brought its case in the Northern District of California because Google is headquartered there. (Green Decl., ¶ 3.) Accordingly, that court could properly exercise personal jurisdiction over Google LLC and YouTube, LLC and venue would be proper in that district. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011). As explained below, the private and public factors also weigh in favor of transfer to the Northern District of California.

### A. The Private Interest Factors Favor Transfer

The private factors strongly favor transfer to the Northern District of California because the majority of Google's knowledgeable witnesses pertaining to the Accused YouTube Services are located there and the majority of Google's documents pertaining to the Accused YouTube Services are created and maintained there, whereas this case has no connection to the Western

District of Texas.

1. The Most Important Factor—Convenience of Witnesses—Strongly Favors Transfer to the Northern District of California

"The convenience of witnesses is the single most important factor in the transfer analysis." *Super Interconnect Techs. v. Google LLC*, No. 6:21-CV-00259-ADA, 2021 WL 6015465, at *3 (W.D. Tex. Nov. 5, 2021); *Parus Holdings Inc. v. LG Elecs. Inc.*, No. 6:19-cv-00432-ADA, 2020 WL 4905809, at *5 (W.D. Tex. Aug. 6, 2020); *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). Here, where Google's witnesses are primarily located in the Northern District of California, and no knowledgeable witness is in Austin, Texas, the convenience of the witnesses strongly favors transfer. *Google-Sonos*, 2021 WL 4427899, at *4 ("[W]hen there are numerous witnesses in the transferee venue and the only other witnesses are far outside the plaintiff's chosen forum, the witness-convenience factor favors transfer.").

Google's headquarters are in the Northern District of California, where over 51,135 (or 57.23%) of the company's U.S. employees work. (Green Decl., ¶ 3.) Google has further identified Henry Green, Dmitry Dolinsky, and German Cheung as potential witnesses with technical knowledge relevant to the Accused YouTube Services. (*Id.*, ¶¶ 4-7.) Messrs. Green, Dolinsky, and Cheung are all based out of Google's San Bruno, California office. (*Id.*, ¶¶5-7.) Additionally, their respective teams, which have knowledge of and responsibility for technical aspects of the Accused YouTube Services, primarily work from Google's Northern California offices. (*Id.*) Moreover, Google's employees with knowledge of financial aspects of the Accused YouTube Services largely work from Google's San Bruno, California office, and Google has identified a specific potential witness, Jason Grimm, who works from San Bruno. (*Id.*, ¶10.) In contrast, Google is not aware of any witnesses knowledgeable about the Accused YouTube Services in the Western

District of Texas.[3] (*Id.*, ¶ 9.)

While the Northern District of California is substantially more convenient for Google, nothing suggests it would be less convenient for Plaintiff. Plaintiff is a patent assertion entity headquartered in New Jersey, with no apparent connection to the Western District of Texas. (Complaint, ¶ 4.) Additionally, the prosecuting attorney for the asserted patents is located in New Jersey, (Soni Decl., Exs. D, E), and the sole inventor of the asserted patents is located in Pennsylvania (*see, e.g.*, Complaint, Ex. A). Likewise, Plaintiff's predecessor, SurferNETWORK, has only one office that is located in New Jersey. (Complaint, ¶ 13; Soni Decl., Ex. F at 1.) Thus, Google is not aware of any witnesses relevant to this case who reside in this District.

Although some of Google's employees in Cambridge, Massachusetts may have relevant knowledge (Green Decl., ¶ 8), they and Plaintiff's employees (and, to the extent willing to testify, SurferNETWORK's employees) in New Jersey who "will likely have to leave home for an extended period whether or not the case [is] transferred" do not weigh against transfer, especially where no witnesses reside in this District. *Google-Sonos*, 2021 WL 4427899, at *5 (citation omitted); *see also Google-Jenam*, 2021 WL 4592280, at *4-5.[4]

---

[3] Plaintiff has alleged, without any evidence or specificity, that "[o]n information and belief, a substantial portion of those employees in this District are engineers who work on streaming media development and related technology." (Complaint, ¶ 9.) Plaintiff has not specifically identified any knowledgeable witness in this District, and its unsupported speculation should be rejected. *In re NetScout Sys., Inc.*, No. 2021-173, 2021 WL 4771756, at *4 (Fed. Cir. Oct. 13, 2021) (rejecting Plaintiff's contention "that there are employees of [defendant] in Texas that are knowledgeable about the accused products," because "it does not identify those individuals, and the district court did not find they have relevant information").

[4] A search for flights from airports near New Jersey to San Francisco returned non-stop flights with durations between 6 hours and 14 minutes and 6 hours and 49 minutes, whereas a similar search for flights to Waco involved at least one stop. (Soni Decl., Exs. G, H.) Likewise, flights from Boston to San Francisco returned non-stop flights with durations between 6 hours and 16 minutes and 6 hours and 54 minutes, whereas a similar search for flights from Boston to Waco also involved at least one stop. (*Id.*, Exs. I, J.)

Because "there are numerous witnesses in the transferee venue and the only other witnesses are far outside the plaintiff's chosen forum, the witness-convenience factor factors transfer." *Google-Sonos*, 2021 WL 4427899, at *4; *In re Pandora Media, LLC*, No. 2021-172, 2021 WL 4772805, at *6 (Fed. Cir. Oct. 13, 2021) ("[T]he litigation should be conducted where more witnesses could testify without leaving their homes or their regular places of business."); *see also Lynk Labs, Inc. v. Home Depot USA, Inc.*, 6:21-cv-00097-ADA, Dkt. 55 at 14 (W.D. Tex. Dec. 8, 2021) (granting motion to transfer).

2. <u>Availability of Compulsory Process Favors Transfer</u>

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person" or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii); *Super Interconnect*, 2021 WL 6015465, at *5. This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014). "[W]hen there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *Super Interconnect*, 2021 WL 6015465, at *5 (citing *In re DISH Network L.L.C.*, No. 2021-182, 2021 WL 4911981, at *3 (Fed. Cir. Oct. 21, 2021) and *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018)). Because third-party witnesses relevant to Google's invalidity defenses are located in and subject to the subpoena power of the Northern District of California, but no witnesses are within reach of the Western District of Texas, this factor favors transfer.

To date, Google has identified certain third-party witnesses from Apple, Inc. who are likely to be relevant to Google's invalidity defense. At least as early as 1998, Apple offered products

such as the QuickTime 3.0 multimedia framework, that provided for streaming audio and video data from a server in response to requests from the QuickTime media player. (Soni Decl., Exs. K, L.) Witnesses with technical knowledge of the QuickTime product are likely located at Apple's headquarters in the Northern District of California. (*Id.*, Ex. M.) Potential witnesses listed on the face of patents relating to Apple's QuickTime technology in that time frame are likewise located in the Northern District of California, including: David W. Singer, who "headed [Apple's] QuickTime streaming effort" (*id.*, Ex. N (located in San Francisco, CA)); Alagu Periyannan, a "Technical Lead" for the "QuickTime Streaming Group" (*id.*, Ex. O (located in Palo Alto, CA)); Anne Jones, listed as the lead inventor on multiple Apple QuickTime patents; as well as Jay Geagan and Kevin L. Gong (*id.*, Exs. P, Q, R (listing inventors as Anne Jones of Redwood City, CA, Jay Geagan of San Jose, CA, Kevin L. Gong of Sunnyvale, CA and Alagu Periyannan and David W. Singer, both of San Francisco, CA)).

Likewise, three third-party inventors listed on relevant patent prior art are believed to live and work in the Northern District of California: Yevgeniy Eugene Shteyn (Cupertino, CA), Ralph D. Hill (Los Gatos, CA), and Eric David Bloch (San Francisco, CA). (*Id.*, Exs. S, T, U.) Mr. Shteyn is the inventor of U.S. Patent No. 7,529,806, Mr. Hill is the inventor of U.S. Patent No. 6,005,600, and Mr. Bloch is the inventor of U.S. Patent No. 6,792,468. (*Id.*, Exs. V, W, X.) These three patents were relied on to find a substantial new question of patentability in *ex parte* reexaminations of streaming patents related to and sharing the same inventor as the asserted patents. (*Id.*, Exs. Y, Z.)

In contrast, Google is aware of no relevant third-party witnesses within this District's subpoena power. Plaintiff's predecessor, SurferNETWORK, and its employees are located in New Jersey. (*Id.*, Ex. F at 1.) The law firm that prosecuted the asserted patents, Ernest D. Buff & Associates, LLC, is also located in New Jersey. (*Id.,* Exs. D, E at 1.) The sole named inventor on

the asserted patents resides in Pennsylvania, not in Texas. (*See* Complaint, Exs. A-C.) The fact that these witnesses reside on the East Coast does not negate transfer to the Northern District of California simply because these witnesses would need to travel a greater distance to reach the Northern District of California than the Western District of Texas. As the Federal Circuit recently explained in *Pandora*, for those "non-party witnesses, [they] 'will likely have to leave home for an extended period' whether or not the case was transferred, and thus those witnesses would be only slightly more inconvenienced by having to travel to California than to Texas." 2021 WL 4772805, at *5.

Because potential third-party witnesses are within the subpoena power of the Northern District of California, but none are within reach of the Western District of Texas, this factor weighs in favor of transfer.

3. Relative Ease of Access to the Evidence Favors Transfer

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Parus Holdings*, 2020 WL 4905809, at *3 (citing *In re Genentech, Inc.*, 566 F.3d at 1345). "[T]he location of document custodians and location where documents are created and maintained, [] may bear on the ease of retrieval." *Google-Express*, No. 2021-178, slip op. at 5-6. Here, the relevant sources of proof from Google and likely third parties were created and are maintained in the Northern District of California compared with the Western District of Texas, where there are no known sources of relevant evidence.

The vast majority of Google's sources of proof were created and are maintained by employees based in the Northern District of California and Massachusetts. (Green Decl., ¶¶ 5-8, 10-11.) Google largely creates and maintains the technical documents relevant to the Accused YouTube Services at its Mountain View, San Bruno, San Francisco, and Cambridge offices, where

the employees who work on the Accused YouTube Services are located. (*Id.*) Likewise, the relevant financial documents are created and maintained by employees in San Bruno. (*Id.*) In contrast, Google is not aware of any relevant documents created or maintained in the Western District of Texas concerning the research, development, or financials for the Accused YouTube Services. (*Id.*, ¶¶ 9, 11) Moreover, documents on QuickTime that are relevant to potential invalidity defenses may be kept at Apple's headquarters in the Northern District of California. (Soni Decl., Ex. M.) Thus, this factor favors transfer.

4. Other Practical Problems for an Easy, Expeditious, and Inexpensive Case Weigh in Favor of Transfer

When considering the private interest factors, courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen*, 545 F.3d at 315. This factor weighs in favor of transfer as the Northern District of California (i) already has experience with related patents in Plaintiff's litigation against FriendFinder, and (ii) will be handling two of the same patents asserted in this litigation because Plaintiff and Netflix have jointly moved this Court to transfer that case to the Northern District of California. *See WAG Acquisition, L.L.C. v. FriendFinder Networks Inc., et al.*, No. 3:19-CV-05036-JD, Dkt. 173 (N.D. Cal. August 16, 2019); *WAG Acquisition, L.L.C. v Netflix, Inc.*, No. 6:21-cv-01083-ADA, Dkt. 48 (W.D. Tex. Feb. 2, 2022) (joint motion to transfer to the Northern District of California).

As to the two cases currently pending in this District (including this one), both cases are in their early stages—claim construction briefing is ongoing, but this Court has not yet had occasion to gain substantive familiarity with the Asserted Patents. Indeed, in view of the motion to transfer filed by defendant Amazon, this Court might not have any occasion to do so. At the very least, the mere co-pendency of Plaintiff's suit against Amazon at this early stage does not weigh against transfer, especially where differences between Google and Amazon's independently developed

products would "result in significantly different discovery, evidence, proceedings, and trial." *In re DISH Network*, 2021 WL 4911981, at *4 (citation omitted)*; In re Samsung Elecs. Co.*, 2 F.4th 1371, 1379–80 (Fed. Cir. 2021); *see also In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017) (rejecting the district court's rationale that the co-pendency of related suits with co-pending transfer motions weighed against transfer).

In sum, consideration of all the co-pending cases weighs in favor of transfer, as Plaintiff's lawsuit against FriendFinder on related patents is already pending in the Northern District of California, Plaintiff's suit against Netflix on two of the same patents most likely will be transferred to the Northern District of California, and both Amazon and Google are requesting transfer to a more convenient district.[5]

**B. The Public Interest Factors Favor Transfer**

1. Local Interest Favors Transfer to the Northern District of California

Local interests in deciding local disputes favors transfer. This factor evaluates "significant connections between a particular venue and *the events that gave rise to a suit.*" *In re Apple, Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020) (citation omitted); *Google-Jenam*, 2021 WL 4592280, at *5. Moreover, "headquarters in a certain location gives [it] a strong local interest." *Polaris Innovations Ltd. v. Dell, Inc.*, No. 16-cv-451-XR, 2016 WL 7077069, at *11 (W.D. Tex. Dec. 5, 2016); *XY,*

---

[5] During the parties' meet and confer on this Motion, Plaintiff argued that Google waived its right to seek transfer by failing to identify this motion as a "pre-*Markman* issue[] to raise at the CMC" in the CRSR filed on November 8, 2021. Plaintiff's contention is contrary to this Court's practice. Nothing in the Court's standing orders requires parties to notify the Court of potential transfer motions in the CRSR; nor would such a requirement be feasible at the outset of a case when a defendant may still be investigating the facts relevant to transfer. (*See* June 16, 2021 Am. Standing Order re Notice of Readiness for Patent Cases (requiring only that parties notify the Court of "pre-*Markman* issues" that would otherwise be raised at a scheduling conference "so the Court can consider whether to hold a telephonic hearing to resolve these issues").) And under the Court's standing order regarding inter-district transfer, motions to transfer may be filed without leave of Court up to eight weeks before the *Markman* hearing. (Aug. 18, 2021 2d Am. Standing Order re Mots. for Inter-District Transfer.)

*LLC v. Trans Ova Genetics, LC*, No. 16-CA-00447-RP, 2017 WL 5505340, at *9 (W.D. Tex. Apr. 5, 2017) (holding that the "district where a party has its principal place of business typically has a stronger local interest in the adjudication of the case") Here, not only is Google headquartered in the Northern District of California, but the "events that form the basis for [Plaintiff's] infringement claims against Google occurred in the Northern District of California where Google developed the accused [product]." *Google-Jenam*, 2021 WL 4592280, at *5. Google employs 51,135 people in the Northern District of California, most of its likely witnesses reside there, and the Accused YouTube Services were largely designed and developed there. (Green Decl., ¶¶ 3, 4-7, 10-11.) "The NDCA would certainly have an interest in this case because the cause of action 'calls into question the work and reputation of several individuals residing in or near that district.'" *Super Interconnect*, 2021 WL 6015465, at *10 (citing *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009)).

In contrast, the Western District of Texas has no specific connection to the events giving rise to this suit. Google's general presence in Austin does not weigh against transfer. *Google-Jenam*, 2021 WL 4592280, at *5 ("The fact that a party may have a general presence in a particular district does not give that district a special interest in the case."); *see also In re Juniper Networks, Inc.*, 14 F.4th 1313, 1320-21 (Fed. Cir. 2021). Nor does the fact that Google's servers or users of Google's services are distributed nationwide "give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche*, 587 F.3d at 1338; *Google-Jenam*, 2021 WL 4592280, at *5 ("[Plaintiff's] reference to the sale in the Western District of Texas of Google products that used the accused protocol does not give that district a substantial interest in the dispute.").

While Google has deep and broad connections to the Northern District of California that are directly relevant to this lawsuit, Plaintiff itself has no apparent connection to this forum, much

less one sufficient to create a comparable local interest in the Western District of Texas. *Google-Jenam*, 2021 WL 4592280, at *5-6 (concluding that even "[Plaintiff's] status as a Texas entity is insufficient"). Plaintiff and its predecessor, SurferNETWORK, are headquartered in New Jersey with no offices in Texas. (Complaint, ¶ 4; Soni Decl., Ex. F at 1.)

Because the events giving rise to this suit are concentrated in the Northern District of California, while Plaintiff has no connection to this District and Google has nothing more than a general presence, this factor favors transfer.

2. Relative Court Congestion Between the Northern District of California and the Western District of Texas is Neutral

The public interest factor weighing administrative difficulties flowing from court congestion is neutral. The Federal Circuit has recently observed that this factor is neutral between the Northern District of California and this District, "considering the close similarity of cases per judgeship and average time to trial of the two forums." *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *5 (Fed. Cir. Aug. 2, 2021). Additionally, the "prospective speed with which [a] case might be brought to trial" is not "of particular significance" where the plaintiff "does not practice the patent and therefore . . . is not in need of a quick resolution of [a] case because its position in the market is threatened." *In re WMS Gaming Inc.*, 564 F. App'x 579, 581 (Fed. Cir. 2014); *see also In re Juniper*, 14 F.4th at 1322. Moreover, this factor should be afforded the least weight because it "is considered to be 'the most speculative'" factor in the transfer analysis. *Super Interconnect*, 2021 WL 6015465, at *9 (citing *In re Genentech*, 566 F.3d at 1347); *Google-Sonos*, 2021 WL 4427899, at 7; *Google-Express*, No. 2021-178, slip op. at 6-7.

3. The Two Remaining Public Interest Factors are Neutral

The final two factors, familiarity with the law and avoidance of problems of conflicts of law or application of foreign law, are neutral. Both forums are familiar with patent law, and there

is no prospect for any conflict of laws.

## V. CONCLUSION

The Court should transfer this case to the Northern District of California—a more convenient forum—in the interest of justice under 28 U.S.C. § 1404(a).

Dated: April 7, 2022

Respectfully submitted,

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
pamstutz@scottdoug.com

Eamonn Gardner (*pro hac vice*)
COOLEY LLP
1144 15th Street, Suite 2300
Denver, CO 80202
Telephone: (720) 566-4000
Facsimile: (720) 566-4099
egardner@cooley.com

Naina Soni (*pro hac vice*)
Sravan K. Tumuluri (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, D.C. 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
nsoni@cooley.com
stumuluri@cooley.com

Cameron C. Vanderwall (*pro hac vice*)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
swu@cooley.com
cvanderwall@cooley.com

*Counsel for Defendants*
*Google LLC and YouTube, LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on April 7, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz