# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| **WAG ACQUISITION, L.L.C.,** | |
| *Plaintiff,* | Civil Action No.: 6:21-cv-00816-ADA |
| **v.** | Jury Trial Demanded |
| **GOOGLE LLC and YOUTUBE, INC.** | **FILED UNDER SEAL** |
| *Defendants.* | |

## DEFENDANTS GOOGLE LLC AND YOUTUBE, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA <u>PURSUANT TO 28 U.S.C. § 1404(a)</u>

## I.    INTRODUCTION

Plaintiff WAG Acquisition, L.L.C. ("Plaintiff") has utterly failed to rebut Defendants Google LLC's and YouTube, LLC's (collectively, "Google") evidence that the Northern District of California ("NDCA") is clearly a more convenient forum than this District. In its opposition (Dkt. 49, "Opp."), Plaintiff fails to identify even *a single* relevant individual in Texas and essentially ignores all the relevant California Google witnesses, choosing instead to singularly focus on one Google witness and members of his team in Massachusetts. While this witness has knowledge relevant to this action, the relevant inquiry at this stage is whether NDCA, not D. Mass., is clearly more convenient than this District, and there are several potential trial witnesses with relevant knowledge in California. For example, Plaintiff has accused the streaming of video and audio from music.youtube.com and tv.youtube.com of allegedly infringing yet is silent about the managers and individuals on the YouTube Music and TV teams in its opposition. As additional examples, ███████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████ The individuals knowledgeable about these issues are primarily in California, which explains their absence from Plaintiff's opposition. Taking these potential trial witnesses into account makes clear that the factors favor transfer. Additionally, to follow Plaintiff's analysis regarding the "practical problems" factor would cause this Court to err in light of Federal Circuit precedent, and the weight Plaintiff gives the "court congestion" factor is improper.

Perhaps knowing that its substantive arguments are lacking, Plaintiff devotes a significant portion of its opposition to (i) "gotcha" waiver arguments that turn this Court's Standing Order Regarding Notice of Readiness For Patent Cases on its head and (ii) improper and misplaced attacks on counsel and Google. The Court should give these arguments no credence. Google thus

respectfully requests that the Court grant its Motion to Transfer (Dkt. 40, "Mot.").

## II. ARGUMENT

### A. The Private and Public Interest Factors Weigh In Favor of Transfer to NDCA

Of the eight transfer factors, four weigh strongly in favor of transfer while one weighs, at most, slightly against transfer. Plaintiff's rebuttal is incorrect for several reasons.

*First*, Plaintiff's reasoning regarding the most important factor—"convenience of the witnesses"—is mistaken. Rather than determine whether the transferee forum (NDCA) is "clearly more convenient" than the transferor venue (W.D. Tex.), Plaintiff improperly introduces a third district (D. Mass.) into the analysis. *See Super Interconnect Techs. v. Google*, No. 6:21-cv-00259, 2021 WL 6015465, at *5 (W.D. Tex. Nov. 8, 2021). In doing so, Plaintiff points to Nils Krahnstoever ██████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████

Although Mr. Krahnstoever has relevant knowledge about some aspects of the accused system, Plaintiff's analysis is improperly myopic in its focus on him and his teams. Plaintiff's infringement contentions focus on additional accused functionalities, for which different witnesses from different teams would need to testify. ████████████████████████████████████

████████████████████████████████████████████ Henry Green, located in NDCA, works on the HTML5 player for www.youtube.com, music.youtube.com, and tv.youtube.com with his team, members of which are predominantly located in NDCA. (Dkt. 40-1, ¶¶ 1, 5.) Likewise, ████████████████████████

████████████████████████████████████ (Soni Decl., Ex. 1 at 88:22-89:1, 90:2-5, 92:8-14 ██████████████████████████████████.) ████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████

Turning to the proper analysis under this factor, Plaintiff has not identified a single relevant witness in Texas: *none* of its employees or individuals who would be witnesses are in Texas, *none* of Google's knowledgeable employees are in Texas, and there are *no* identified third parties in Texas. In contrast, Google previously identified four potential trial witnesses in NDCA and their respective teams that are also primarily in NDCA. (*See* Dkt. 40-1, ¶¶ 6, 7, 10.) In addition to Mr. Green and his team, Google specifically identified as knowledgeable Messrs. Dolinsky (for accused music functionality), Cheung (for accused YouTube TV functionality), and Grimm (for financial aspects of the accused functionalities), and their teams, predominantly located in NDCA. (*Id.*; *see also* Soni Decl., Ex. 3 ████████████████████.) Therefore, this factor weighs strongly in favor of transfer. *Super Interconnect*, 2021 WL 6015465, at *5 ("SIT has failed to show that any witnesses reside in [] WDTX. Google has identified at least nine that reside in [] NDCA. . . . [T]he evidence here points to [] NDCA being more convenient").

*Second*, for the "relative ease of access to sources of proof," Plaintiff's arguments again ignore the reality of where key custodians are located and also cast a blind eye to precedent. Plaintiff again focuses on Massachusetts, but this focus is misplaced. While Mr. Krahnstoever is in Cambridge, other key custodians, including Messrs. Green, Dolinsky, Cheung, Grimm, ████ ████ are in NDCA. (Dkt. 40-1, ¶¶ 5-7, 10; Soni Decl., Ex. 2.) *None* are in Texas. Additionally, Plaintiff's argument that this factor is neutral or should be given minimal weight because Google's documents may be accessed from anywhere in the United States, (Opp. at 12), runs counter to Federal Circuit law. *See In re DISH Network L.L.C.*, No. 2021-182, 2021 WL 4911981, at *2 (Fed. Cir. Oct. 21, 2021) (noting that the district court erred when it found this factor "neutral solely

because DISH'S documents are 'stored electronically.' . . . '[T]he fact that documents can often be accessed remotely does not render the sources-of-proof factor irrelevant.'") (citation omitted). And while Plaintiff acknowledges that what matters is where documents are created and maintained, Plaintiff fails to rebut the fact that relevant documents were created and maintained in NDCA. (*See* Dkt. 40-1, ¶¶ 11, 5-7, 10.) Thus, this factor also weighs in favor of transfer to NDCA.

*Third*, Plaintiff's reasoning under the "other practical problems" factor likewise ignores Federal Circuit precedent. Co-pending cases in this District involving different independently developed products do not weigh against transfer. *In re DISH*, 2021 WL 4911981, at *4; *In re Samsung Elecs. Co.*, 2 F. 4th 1371, 1379-80 (Fed. Cir. 2021). Furthermore, Plaintiff cannot dispute that it has consented to transfer the Netflix case in this District to NDCA. (*See* Opp. at 13.)

*Finally*, Plaintiff's statement that the "court congestion" factor "weighs strongly against transfer" is inaccurate. (Opp. at 15.) Plaintiff cites to *Bel Power Solutions Inc. v. Monolithic Power Systems, Inc.* in support; however, a complete reading of the Court's analysis underscores the fact that this factor has minimal weight "as only a single factor that does not outweigh multiple other factors." No. 6:21-cv-655, 2022 WL 2161056, at *9 (W.D. Tex. June 15, 2022). Here, multiple factors, such as the "cost of attendance for willing witnesses," "relative ease of access to proof," and "local interest" favor transfer for the reasons set forth above and in Google's Motion, and this factor, even if it weighs slightly against transfer, cannot outweigh those.

### B.  Plaintiff's Waiver Arguments Contradict The Purpose of The Standing Order

Plaintiff argues, without any authority, that Google has "waived" the ability to bring this Motion, because Google did not raise transfer as a pre-*Markman* issue in the Case Readiness Status Report ("CRSR"). (Opp. at 6-7.) Plaintiff attempts to misuse a procedure, having the purpose of notifying the Court of a case's complexity and early issues requiring a case management conference, to deny Google relief it is entitled to request under federal law. Plaintiff does not cite

*any* case in support for this argument. (*See id.* at 6-9.)

Importantly, this Court has granted numerous inter- and intra-district motions to transfer prior to requiring a CRSR and, in cases where CRSRs were required, where the parties did not note a forthcoming motion to transfer in the CRSR. *See, e.g., LBT IP II LLC v. Uber Techs., Inc.,* No. 6:21-cv-1210, Dkt. 24 (CRSR), Dkt. 59 (transfer to NDCA); *Phoji, Inc. v. Atlassian, Inc.,* No. 6:21-cv-888, Dkt. 24 (CRSR), Dkt. 58 (transfer to NDCA); *MemoryWeb, LLC v. Samsung Elecs.,* No. 6:21-cv-411, Dkt. 21 (CRSR), Dkt. 70 (transfer to NDCA); *BillJCo, LLC v. Apple, Inc.,* No. 6:21-cv-528, Dkt. 22 (CRSR), Dkt. 63 (transfer to NDCA); *Express Mobile, Inc. v. Google LLC,* No. 6:20-cv-804, Dkt. 27 (CRSR), Dkt. 89 (transfer to NDCA).[1] Moreover, a CRSR must be filed within one week of the defendant answering or responding to the complaint. To necessitate that parties identify whether they will file motions to transfer so early would compel them to prophylactically include motions to transfer in CRSRs, before conducting adequate diligence. Finally, Plaintiff's accusations that Google did not act in "good faith" and "deliberate[ly] [held] back" the Motion are not well-founded. (Opp. at 7.) Google investigated the facts pertaining to transfer in this case and complied with the Court's governing orders and deadlines therein in filing the Motion. Plaintiff cannot seek to punish Google for following the rules. Thus, this unwarranted attack should be disregarded.

## III.    CONCLUSION

For the reasons above and set forth in Google's Motion to Transfer, the Court should grant Google's Motion and transfer the instant case to NDCA.

---

[1] The undersigned counsel, Paige A. Amstutz, was counsel of record in cases where motions to transfer were granted, but the CRSRs did not mention such motions. *See Gentex Corp. v. Meta Platforms, Inc.*, No. 6:21-cv-755, Dkt. 23 (CRSR), Dkt. 82 (transfer to NDCA); *WSOU Investments, LLC v. Arista Networks, Inc.*, No. 6:20-cv-1083, Dkt. 22 (CRSR), Dkt. 64 (transfer to NDCA).

Dated: July 14, 2022

/s/ Paige Arnette Amstutz
Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
pamstutz@scottdoug.com

Joseph Drayton (*admitted*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
jdrayton@cooley.com

Eamonn Gardner (*pro hac vice*)
COOLEY LLP
1144 15th Street, Suite 2300
Denver, CO 80202
Telephone: (720) 566-4000
Facsimile: (720) 566-4099
egardner@cooley.com

Naina Soni (*pro hac vice*)
Sravan K. Tumuluri (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
nsoni@cooley.com
stumuluri@cooley.com

Cameron C. Vanderwall (*pro hac vice*)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
cvanderwall@cooley.com

*Counsel for Defendants*
*Google LLC and YouTube, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2022, all counsel of record who have appeared in this

case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz