IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WAG ACQUISITION, L.L.C., *Plaintiff* | § § § § § § § § § | W-21-CV-00816-ADA |
| -vs- | | |
| GOOGLE LLC and YOUTUBE, INC., *Defendants* | | |

### ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

Before the Court is Defendants Google LLC and YouTube, Inc.'s ("Google's") Motion to Transfer Venue to the Northern District of California. ECF No. 40. Plaintiff WAG Acquisition, LLC ("WAG") opposes the motion. ECF No. 49. Google filed a reply to further support its motion. ECF No. 53. Upon review, Google's motion is **GRANTED**.

### I.     FACTUAL BACKGROUND

In its complaint, WAG claims Google infringed on U.S. Patent Nos. 9,742,824 ("the '842 patent"), 9,729,594 ("the '594 patent"), and 9,762,636 ("the '636 patent") (the "WAG patents"), which relate to a process for delivering audio and video files over the internet. ECF No. 1 at ¶ 1−2. WAG, the owner of the WAG patents, is a limited liability company organized under the laws of the state of New Jersey, and its principal place of business is also in New Jersey. *Id.* at ¶ 4. Google LLC is a limited liability company organized under the laws of the state of Delaware, and its principal place of business is in California. *Id.* at ¶ 5. YouTube, Inc. is a corporation organized under the laws of the state of Delaware, and its principal place of business is in California. *Id.* at ¶ 6. Among other products and services, Google provides on-demand and streaming video services. *Id.* at ¶ 2. While Google LLC's and YouTube, Inc.'s principal places of business are in

California, Defendants offer their services throughout the United States. *Id.* Defendant Google LLC is registered to do business in the State of Texas, and both Defendants have offices in the Western District of Texas. *Id.* at ¶ 9.

WAG filed three separate cases in this District all asserting infringement of the WAG patents. ECF No. 26 at 2; *WAG Acquisition L.L.C. v. Amazon.com, Inc. et al.*, No. 6:21-cv-00815 (W.D. Tex. Aug. 6, 2021); *WAG Acquisition, L.L.C. v. Google LLC et al.*, No. 6:21-cv-00816 (W.D. Tex. Aug. 6, 2021); *WAG Acquisition, L.L.C. v. Netflix, Inc.*, No. 6:21-cv-01083 (W.D. Tex. Oct. 18, 2021). One of these cases has since been transferred to the Northern District of California. *WAG Acquisition, L.L.C. v. Netflix, Inc.*, No. 6:21-cv-01083 (W.D. Tex. Aug. 31, 2022), ECF No. 50. In the other case still in this Court, there is a pending motion to transfer venue to the Western District of Washington. *WAG Acquisition, L.L.C. v. Amazon.com, Inc. et al.*, No. 6:21-cv-00815 (W.D. Tex. Jan. 6, 2022), ECF No. 30. In addition to the case that has already been transferred from this district to the Northern District of California, there is another case pending in that district involving the related patents to the WAG patents asserted in this case. *WAG Acquisition, L.L.C. v. FriendFinder Networks Inc. et al.*, No. 3:19-cv-05036 (N.D. Cal. Aug. 16, 2019).

After answering WAG's complaint, Google filed the instant motion to transfer. ECF No. 40. Google does not argue that the Western District of Texas ("WDTX") is an improper venue for this case; instead, it argues that the Northern District of California ("NDCA") is a more convenient forum, pointing to the location of potential witnesses, the location of relevant records, and the co-pending litigation in the NDCA. *Id.* at 5. WAG contends that the case should remain in the WDTX, pointing to, among other factors, the other pending case in this Court involving the WAG patents. ECF No. 49 at 17.

## II.     LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . " *Id*. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under Section 1404(a) is whether a civil action "'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (hereinafter "*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than

3

relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). Yet, the Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show an individual factor *clearly* favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

### III. DISCUSSION

**A. WAG's Argument that Google Waived its Right to Bring a Motion to Transfer Venue Lacks Merit**

As an initial matter, WAG argues that Google waived its right to bring a motion to transfer venue because Google failed to raise this transfer issue in the Case Readiness Status Report ("CRSR"). ECF No. 49 at 10. Under this Court's *Amended Standing Order Regarding Notice of Readiness for Patent Cases* in effect at the time the complaint was filed, parties are required to file a CRSR within seven days after the defendant responds to the initial pleadings or, if there are related cases, within seven days after the last defendant among the related cases responds to the initial pleadings. *Amended Standing Order Regarding Notice of Readiness for Patent Cases*, at 1 (W.D. Tex., Waco Div. June 16, 2021). The parties are asked to identify all pre-*Markman* issues that exist at the time of filing the CRSR. *Id.* This Court's *Second Amended Standing Order Regarding Motions for Inter-District Transfer*, which was in effect at the time that Google filed the instant motion to transfer, explains that motions for inter-district transfer will be resolved

4

before the *Markman* hearing. *Second Amended Standing Order Regarding Motions for Inter-District Transfer*, at 1 (W.D. Tex., Waco Div. Aug. 18, 2021). WAG argues that because this Court aims to resolve inter-district transfer motions before the *Markman* hearing, transfer motions are pre-*Markman* issues that must be included in the CRSR, otherwise a defendant's ability to file a transfer motion is waived. ECF No. 49 at 10. Because Google failed to include its intention to file a transfer motion in this case in the CRSR, WAG argues that Google waived its right to bring the instant motion. *Id.*

However, at the time that Google file its motion to transfer venue, under the *Second Amended Standing Order Regarding Motions for Inter-District Transfer*, "[p]arties [were] free to file transfer motions without leave until eight weeks before *Markman* hearings." *Ravgen, Inc. v. Lab. Corp. of Am. Holdings*, No. W-20-CV-00969, 2022 WL 272115, at *2 (W.D. Tex. Jan. 28, 2022). In March of this year, the Court changed its deadline for motions to transfer venue. *The Standing Order Governing Proceedings (OGP) 4.0—Patent Cases*, at 4 (W.D. Tex., Waco Div. Mar. 7, 2022). But because this case was filed before the release of the standing order setting the new deadline for transfer motions, the new deadline does not apply. Google only needed to file its transfer motion more than eight weeks before *Markman* hearing. At the time that Google filed the instant motion, the *Markman* hearing was scheduled for June 3, 2022. ECF. No. 35. Google filed this motion on April 7, 2022. ECF No. 40. Google's motion was filed eight weeks and one day before the initially scheduled date for the *Markman* hearing. Google met this Court's timing requirements under the standing orders in effect for this case.

Under the *Amended Standing Order Regarding Notice of Readiness for Patent Cases* in effect at the time the complaint was filed, parties are not required to identify whether the defendant will file a motion to transfer venue in the future. The parties are ordered to identify pending

5

motions, but they are not required to anticipate all motions that may be filed in the future. *Amended Standing Order Regarding Notice of Readiness for Patent Cases*, Ex. A (W.D. Tex., Waco Div. June 16, 2021). While the Court intends to resolve motions for inter-district transfer before the *Markman* hearing, the Court does not ask defendants to identify whether they intend to file a motion to transfer a mere seven days after responding to the plaintiff's complaint. *See id.* at 1 (requiring the CRSR to be filed within seven days of the defendant's response to the plaintiff's complaint). Under the *Second Amended Standing Order Regarding Motions for Inter-District Transfer*, the Court provides defendants until eight weeks from the date of the *Markman* hearing to file a motion to transfer venue. *Ravgen*, 2022 WL 272115, at *2. This time frame gives defendants the opportunity to determine whether a motion to transfer venue is appropriate. Google timely filed the instant motion under this Court's standing orders. WAG's argument that Google waived its right to bring this motion is without merit.

### B. The Public and Private Transfer Factors Weigh in Favor of Transfer

The threshold determination in the § 1404(a) analysis is whether this case could initially have been brought in the destination venue—the NDCA. Neither party contests that venue could be proper in the NDCA. ECF No. 40 at 8; ECF No. 49 at 13. Google's principal place of business is in the NDCA, and it has engaged in sales of its allegedly infringing products there. This Court therefore finds that venue would have been proper in the NDCA had the suit originally been filed there. Thus, the Court now analyzes the private and public interest factors to determine if the NDCA is a clearly more convenient forum than the WDTX.

#### i. The Private Interest Factors Weigh in Favor of Transfer

##### 1. The Relative Ease of Access to Sources of Proof

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-

cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d at 1340 (citing *In re Genentech*, 566 F.3d 1388, 1345 (Fed. Cir. 2009)).

According to Google, most of Google's technical documents were created and are maintained in the NDCA and in Massachusetts. ECF No. 40 at 13. Google further claims that the relevant financial documents are located in in the NDCA. *Id.* at 14. Google states that it is not aware of any relevant documents created or maintained in the WDTX. *Id.* In response, WAG argues that this factor is neutral because Google's sources of proof are electronic and can be accessed anywhere. ECF No. 49 at 16. WAG further argues that the key sources of proof are located and maintained in Massachusetts, which is far from both the WDTX and the NDCA. *Id.*

More sources of proof likely reside in, and are likely more easily accessed in, the NDCA than the WDTX. Google headquarters are located in the NDCA. ECF No. 40 at 5. Google has identified custodians of the key documents in the NDCA. ECF No. 53 at 4. WAG has not pointed to any evidence that is more easily accessible in the WDTX. While there may be relevant evidence stored in Google's offices in Massachusetts, this evidence does not affect the analysis of this factor. *See In re Toyota Moto Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014) ("The comparison between the transferor and the transferee forum is not altered by the presence of other . . . documents in places outside both forums.").

Additionally, while Google does not dispute that many of the relevant documents are accessible electronically, the Federal Circuit has rejected the reasoning that this factor is neutral

7

where the relevant evidence can be accessed electronically. *In re Apple Inc.*, No. 2022-128, 2022 WL 1196768, at * 4 (Fed. Cir. Apr. 22, 2022). Additionally, the Federal Circuit has held that it is an error not to also consider "the location of document custodians and location where documents are created and maintained, which may bear on the ease of retrieval." *In re Google*, 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021). Google has claimed that most relevant documents were created and are maintained by their custodians in the NDCA. ECF No. 40 at 13−14. Even though these documents may be accessible in the WDTX electronically, the Court must still consider the location of the documents and their custodians when evaluating this factor. WAG's argument that this factor should be neutral because the documents are accessible electronically is in disagreement with current Federal Circuit law.

Because many of the relevant documents are located in the NDCA and none of the relevant documents are located in the WDTX, the Court finds that this factor favors transfer.

        2. <u>The Availability of Compulsory Process to Secure the Attendance of Witnesses</u>

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order." *Fintiv Inc.*, 2019 WL 4743678, at *14 (citing *Volkswagen II*, 545 F.3d at 316). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re Genentech*, 566 F.3d at 1345). The Federal Circuit has held that "when there is no indication that a non-party witness is willing,

8

the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018).

Google has identified non-party witnesses related to Apple's QuickTime product that may be relevant to Google's invalidity defense at trial. ECF No. 40 at 11−12. Google claims that individuals with relevant knowledge of Apple's QuickTime product are likely located in Apple's headquarters in the Northern District of California. *Id.* at 12. Google points to five potential witnesses that were listed as inventors on Apple's QuickTime patents: (1) David W Singer, (2) Alagu Periyannan, (3) Anne Jones, (4) Jay Geagan, and (5) Kevin L. Gong. *Id.* All of these potential witnesses are located in the NDCA. *Id.* Google also points to three third-party inventors that may testify at trial: (1) Yevgeniy Eugene Shteyn, inventor of U.S. Patent No. 7,529,806, (2) Ralph D. Hill, inventor of U.S. Patent No. 6,005,600, and (3) Eric David Bloch, inventor of U.S. Patent No. 6,792,468. *Id.* All three of these third-party inventors are located in the NDCA. *Id.* Google has relied on these inventors' patents to challenge the asserted patents in *ex parte* reexamination before the Patent and Trademark Office. *Id.* In response, WAG argues that this factor is neutral because prior art witnesses are generally unlikely to appear at trial. ECF No. 49 at 15. WAG also complains that Google "cherry-picked" potential non-party witnesses out of the fifty-seven prior art references that Google used in its invalidity contentions. *Id.*

The Court does not disagree with WAG's argument that prior art witnesses are generally unlikely to appear at trial. The Court also does not disagree with WAG's argument that Google's identified prior art witnesses appear to be selectively chosen from those located in the NDCA. However, under current Federal Circuit law, this Court must consider prior art witnesses in determining the outcome of this factor, even if prior art witnesses are generally unlikely to testify at trial. *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *3 (Fed. Cir. Aug. 2, 2021). WAG

9

has not provided a rationale specific to this case that supports discounting the non-party witnesses identified by Google. WAG has also not identified any non-party witnesses located in the WDTX.

Because Google has identified non-party witnesses located in the NDCA and no known non-party witnesses are located in the WDTX, this factor weighs in favor of transfer.

### 3. The Cost of Attendance and Convenience for Willing Witnesses

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d at 1342. When the distance between a current venue and a proposed venue is more than 100 miles, the inconvenience to witnesses increases in direct relationship to the additional distance they must travel if the matter is transferred. *Volkswagen II*, 545 F.3d at 317. But it is unclear when the 100-mile rule applies, as the Federal Circuit has stated that courts should not apply the rule "rigidly" in some cases where witnesses would be required to travel a significant distance no matter what venue they testify in. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317). "[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at * 4 (Fed. Cir. Sept. 27, 2021). According to the Federal Circuit, time is a more important metric than distance. *Id.* When analyzing this factor, the Court should consider all potential witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017).

Google has identified potential willing witnesses in the NDCA. ECF No. 40 at 9. Google has also identified potential willing witnesses in Massachusetts. *Id.* at 10. Google and WAG agree that WAG's willing witnesses are located in New Jersey and in Pennsylvania. *Id.*; ECF No. 49 at 13. Each group of willing witnesses will be considered below.

a. Google Employees in the NDCA

According to Google, most of the employees knowledgeable regarding the accused products work in Google's offices in San Bruno, California within the NDCA. ECF No. 40 at 9. Google has identified three potential technical witnesses ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ who all work in Google's San Bruno office. *Id.* Google has also identified one potential financial witness, ▓▓▓▓▓▓. *Id.* ▓▓▓▓▓▓ also works in San Bruno. *Id.* Google claims that it is not aware of any employees in the WDTX with relevant knowledge of the accused products. *Id.* In response, WAG argues that this factor should be neutral because the only relevant Google witnesses are located in Cambridge, Massachusetts rather than the NDCA. ECF No. 49 at 13. WAG argues ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

The Court concludes that at least some relevant Google employees are likely located in the NDCA. While WAG argues that all of the relevant Google employees are in Massachusetts, Google identifies employees who work on two of the accused functionalities and are located in the NDCA. ECF No. 53 at 3. Google identifies ▓▓▓▓▓▓ who works in Google's San Bruno office on the accused media player. *Id.* ▓▓▓▓▓▓ team is "primarily" located in the NDCA. *Id.* Google further identifies ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* The presence of willing witnesses elsewhere, including Massachusetts, does not discount that some relevant willing witnesses are in the NDCA. The Court finds that Google's willing witnesses within the NDCA weigh in favor of transfer.

11

b. Google Employees in Massachusetts

Google admits that some of its relevant employees work in Cambridge, Massachusetts. ECF No. 40 at 10. WAG argues that neither the NDCA nor the WDTX is a convenient forum for these employees. ECF No. 49 at 13−14. Google agrees. ECF No. 40 at 10.

The Court finds that neither the NDCA nor the WDTX is a convenient forum for Google's employees in Massachusetts. If any of Google's employees in Massachusetts testify at trial, they will have to travel for a significant amount of time to testify in either district. While the employees in Massachusetts are closer in distance to the WDTX than the NDCA, the Federal Circuit has emphasized that travel time is more important than distance in determining this factor. *In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). While Google's Massachusetts-based employees may be slightly more inconvenienced by travelling to the NDCA or the WDTX, this slight inconvenience does not weigh heavily on the outcome of this factor. *See In re Apple Inc.*, 979 F.3d. 1332, 1342 (Fed. Cir. 2020) (criticizing the district court for placing too much significance on the fact that potential witnesses are geographically closer to one district than the other).

c. WAG's Witnesses

According to WAG, WAG's willing witnesses are located in New Jersey, Ohio, and Pennsylvania. ECF No. 49 at 13. WAG claims that the WDTX is a more convenient forum for all of its willing witnesses because the WDTX is significantly closer to New Jersey, Ohio, and Pennsylvania than the NDCA. *Id.* Google argues that neither the WDTX nor the NDCA is a convenient venue for these parties because these witnesses will have to leave home for a significant amount of time regardless of whether the case is transferred. ECF No. 40 at 10.

The Court finds that neither the NDCA nor the WDTX is a convenient venue for WAG's potential witnesses. While New Jersey, Ohio, and Pennsylvania are closer to the WDTX than the NDCA, "time is a more important metric than distance." *In re Google, LLC*, 2021 WL 4427899, at *4. WAG's potential witnesses will all have to travel for a significant amount of time to testify at trial in either district. While they may be "slightly more inconvenienced" if the case is transferred, this slight inconvenience should not weigh heavily on the outcome of this factor. *In re Apple Inc.*, 979 F.3d. at 1342. The Court finds that neither venue is clearly more convenient for WAG's willing witnesses in New Jersey, Ohio, and Pennsylvania.

d. Conclusion

As a part of its briefing on this factor, WAG argues that if the Court chooses to transfer the case, the District of Massachusetts is a more convenient forum than the NDCA. The Court rejects this argument. The relevant consideration in the transfer analysis is whether the transferee venue is clearly more convenient than the venue chosen by the plaintiff. *Volkswagen II*, 545 F.3d at 315. The convenience of a third venue is irrelevant.

For the reasons stated above, the Court finds that more potential willing witnesses are likely located in the NDCA than in the WDTX. The Court further finds that neither the WDTX nor the NDCA is a convenient forum for the other potential willing witnesses. The Court concludes that this factor favors transfer.

4. <u>All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive</u>

When considering the private interest factors, courts must also consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb*

*Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). "[W]here there is a co-pending litigation before the trial court involving the same patent-in-suit, and pertaining to the same underlying technology and accusing similar services, [the Federal Circuit] cannot say the trial court clearly [abuses] its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 n.3 (Fed. Cir. 2010). However, the Federal Circuit has held that it is an error to determine that this factor disfavors transfer based primarily on co-pending litigation with pending motions to transfer. *In re Google Inc.*, 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017).

Google argues that the practical considerations favor transfer because the NDCA has related cases on its docket. ECF No. 40 at 14. Google points to the case *WAG Acquisition, L.L.C. v. FriendFinder Networks Inc.*, which is pending in the NDCA and involves patents that relate to the patents at issue here. *Id.* Google further points to *WAG Acquisition, L.L.C. v. Netflix, Inc.*, which was transferred from the WDTX to the NDCA and involves the same WAG patents at issue here. *Id.* In response, WAG argues the presence of *FriendFinder* in the NDCA does not cause this factor to favor transfer because *FriendFinder* is stayed pending *ex parte* reexamination before the Patent and Trademark Office. ECF No. 49 at 17. WAG further argues that this factor favors transfer because another case asserting the same patents is pending in this Court—*WAG Acquisition, L.L.C. v. Amazon.com, Inc*. *Id.* at 18. The Court notes that there is also a pending motion to transfer in this related case. *WAG Acquisition, L.L.C. v. Amazon.com, Inc. et al.*, No. 6:21-cv-00815 (W.D. Tex. Jan. 6, 2022), ECF No. 30.

Both the NDCA and the WDTX have pending cases involving the same asserted patents. In addition, *FriendFinder* is also pending in the NDCA and involves related patents. Judicial efficiency would be served if this case were either transferred to the NDCA or remained in this

14

district. However, the Federal Circuit has suggested that when co-pending cases asserting related patents also have pending motions to transfer venue, the co-pending cases should be discounted in determining whether this factor disfavors transfer. *See In re Google, Inc.*, 2017 WL 977038, at *2.

Because the NDCA has two pending related cases, *Netflix* and *FriendFinder*, and the WDTX has one pending related case, *Amazon.com*, which has a pending motion to transfer venue, the Court finds that this factor weighs slightly in favor of transfer.

### ii. The Public Interest Factors

#### 1. Administrative Difficulties Flowing from Court Congestion

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 Fed. App'x 929, 932 (Fed. Cir. 2020). It considers the "[t]he speed with which a case can come to trial and be resolved." *In re Genentech, Inc.*, 566 F.3d at 1347. In this analysis, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id.*

Google argues that this factor is neutral because the Federal Circuit has previously held that this factor is neutral between the NDCA and the WDTX. ECF No. 40 at 17 (citing *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at * 5 (Fed. Cir. Aug. 2, 2021)). Google further argues that the comparative speed to trial is not relevant where the plaintiff does not practice the asserted patents. *Id.* (citing *In re WMS Gaming Inc.*, 564 F. App'x 579, 581 (Fed. Cir. 2014)). In response, WAG argues that this factor weighs against transfer because this Court brings cases to trial more quickly than the NDCA. ECF No. 49 at 18−19. WAG also denies Google's allegation that WAG does not practice the asserted patent. *Id.* at 6 n.1.

The Court accepts WAG's statement that it practices the patents at issue. Thus, the relative speed of the two venues is relevant to the outcome of this factor. While the Federal Circuit has

previously held that there are "no significant differences in caseload or time-to-trial statistics" between the WDTX and the NDCA, *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1322 (Fed. Cir. 2021), recent statistics show that this Court has been able to hold trials faster than the Northern District of California, with an approximate time to trial of two years.[1] The Federal Circuit has emphasized the importance of rapid disposition of patent cases. *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989). It has even acknowledged Congress's interest in the "quick" resolution of patent disputes. *See, e.g.*, *Ethicon Endo-Surgery, Inc. v. Covidien LP*, 826 F.3d 1366, 1367 (Fed. Cir. 2016). In view of Federal Circuit law and recent time-to-trial statistics, the Court finds this factor weighs slightly against transfer.

### 2. Local Interest in Having Localized Interests Decided at Home

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent case "are not a fiction." *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook,*

---

[1] *See, e.g., MV3 Partners v. Roku, Inc.,* 6:18-cv-00308-ADA (W.D. Tex., filed Oct. 16, 2018) (23.7 months from case filing to trial); *CloudofChange, LLC, v. NCR Corp.*, No. 6:19-cv-00513-ADA (W.D. Tex., filed August 30, 2019) (20.3 months from case filing to trial); *VLSI Tech. LLC v. Intel Corp.*, No. 6:21-cv-00057-ADA (W.D. Tex., filed Apr. 11, 2019) (22.4 months from case filing to trial); *Freshub, Inc. v. Amazon.Com Inc.*, No. 6:21-cv-00511-ADA (W.D. Tex., filed Jun. 24, 2019) (23.7 months from case filing to trial); *ESW Holdings, Inc. v. Roku, Inc*., No. 6:19-cv-00044-ADA (W.D. Tex., filed Feb. 8, 2019) (25.9 months from case filing to trial); *Profectus Tech. LLC v. Google LLC*, 6:20-cv-00101-ADA (W.D. Tex., filed Feb. 10, 2020) (19.6 months from case filing to trial); *Jiaxing Super Lighting v. CH Lighting Tech.*, 6:20-cv-00018-ADA (W.D. Tex., filed Jan. 10, 2020) (21.7 months from case filing to trial); *VideoShare LLC v. Google LLC*, 6:19-cv-663-ADA (W.D. Tex., filed Nov. 15, 2019) (23.8 months from case filing to trial); *NCS Multistage Inc. v. Nine Energy Serv.'s, Inc.*, No. 6:20-cv-00277-ADA (W.D. Tex., filed Mar. 24, 2020) (21.8 months from case filing to trial); *EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-00075-ADA (W.D. Tex., filed Jan. 31, 2020) (24 months from case filing to trial); *Densys Ltd. v. 3Shape Trio A/S*, 6:19-cv-00680-ADA (W.D. Tex., filed Nov. 26, 2019) (28.3 months from case filing to trial); *Appliance Computing III, Inc. v. Redfin Corp.*, No. 6:20-cv-00376-ADA (W.D. Tex., filed May 11, 2020) (24 months from case filing to trial); *Caddo Sys. Inc., v. Microchip Tech. Inc.*, No. 6:20-cv-00245-ADA (W.D. Tex., filed March 27, 2020) (26.5 months from case filing to trial); *SunStone Information Def., Inc. v. International Bus. Machines Corp.*, No. 6:20-cv-1033-ADA (W.D. Tex., filed Nov. 9, 2020) (21.0 months from case filing to trial); *NCS Multistage Inc. v. TCO Products Inc.*, No. 6:20-cv-00622-ADA (W.D. Tex., filed Sept. 9, 2020) (23.4 months from case filing to trial); *Ravgen, Inc. v. Lab. Corp. of Am. Holdings*, No. 6:20-cv-00969-ADA (W.D. Tex. filed Nov. 16, 2020) (23.1 months from case filing to trial).

*Inc.*, No. 3:14-CV-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit*.'" *In re Apple*, 979 F.3d at 1344 (emphasis in original) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence. *Id.* Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks, Inc.*, 14 F.4th at 1320 (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011)). To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *Id.* at 1319.

According to Google, the NDCA has a far greater local interest in this case than the WDTX because Google's headquarters are in the NDCA and the events giving rise to the suit occurred in the NDCA. ECF No. 40 at 15−16. Google claims that the accused YouTube services were predominately designed and developed in the NDCA. *Id.* at 16. Google further argues that the WDTX has no specific connection to this case. *Id.* In response, WAG argues this factor is neutral because the events that gave rise to this suit occurred in Massachusetts, not California. ECF No. 49 at 19. WAG further argues that the presence of Google's headquarters in the NDCA does not weigh in favor of transfer because a party's general presence, such as its headquarters, within a district should not impact the outcome of this factor. *Id.* The parties do not dispute that none of the events that gave rise to the suit occurred in the WDTX.

Google has met its burden of showing that at least some events that gave rise to the suit likely took place in the NDCA. Even though it failed to provide specifics, Google has provided some evidence that shows that at least some of the events that gave rise to this suit occurred in the NDCA. Additionally, Google's headquarters are in the NDCA, which further suggests that the NDCA has a greater local interest in the suit. While the Court agrees with WAG's argument that a party's general presence within a district is not determinative of this factor, the location of Google's headquarters in the NDCA does weigh slightly in favor of transfer. *See In re Apple*, 979 F.3d at 1345 (holding that a party's "general presence" in a district should not be given significant weight).

Because Google has met its burden of showing that the NDCA has a greater local interest than the NDCA, the Court finds that this factor weighs in favor of transfer.

3.  Familiarity of the Forum with the Law That will Govern the Case

Google and WAG agree that this factor is neutral; both forums are familiar with the law that will govern this case. ECF No. 40 at 17; ECF No. 49 at 19. The Court agrees.

4.  Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

Google and WAG agree that this factor is neutral—there are no potential conflicts here. ECF No. 40 at 17; ECF No. 49 at 19. The Court agrees.

## IV.  CONCLUSION

Having considered the private and public interest factors, the Court finds that two of the factors are neutral, five favor transfer, and one disfavors transfer. A decision to uproot litigation and transfer is not the consequence of a simple math problem. Instead, a moving party must show that the transferee forum is a *clearly* more convenient forum. Here, the sources of proof, availability of the compulsory process for non-party witnesses, cost of attendance for willing

witnesses, practical problems, and local interest factors favor transfer. Only the court congestion factor weighs against transfer. Google has met its burden to show that the NDCA is a clearly more convenient forum than the WDTX. The Court's conclusions for each factor are summarized in the following table:

| Factor | The Court's Finding |
| --- | --- |
| Relative ease of access to sources of proof | Favors transfer |
| Availability of compulsory process to secure the attendance of witnesses | Favors transfer |
| Cost of attendance for willing witnesses | Favors transfer |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | Slightly favors transfer |
| Administrative difficulties flowing from court congestion | Slightly against transfer |
| Local interest | Favors transfer |
| Familiarity of the forum with law that will govern case | Neutral |
| Problems associated with conflict of law | Neutral |

**IT IS THEREFORE ORDERED** that Google's Motion to Transfer Venue to the Northern District of California is **GRANTED** (ECF No. 40). The Court **ORDERS** that this matter be transferred to the Northern District of California.

**SIGNED** this 5th day of October, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE